IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KHALED KARIM,

   Plaintiff,

v.

H & M INTERNATIONAL
TRANSPORTATION,

   Defendant.

Case No.
Hon.

**FILED: APRIL 24, 2008**
**08CV2332  AEE**
**JUDGE DOW JR.**
**MAGISTRATE JUDGE DENLOW**

### PLAINTIFF'S COMPLAINT

Plaintiff Khaled Karim (Mr. Karim), by and through his attorney, complains of Defendant H & M International Transportation. (H & M) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and pursuant to 42 U.S.C. § 1981, as amended as follows:

### NATURE OF THE CASE

1. Plaintiff seeks redress for religion, national origin, and harassment and retaliation. This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and pursuant to 42 U.S.C. § 1981, as amended.

### JURISDICTION AND VENUE

2. This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964; therefore, jurisdiction of this court is invoked pursuant to title 28, United States Code §1331 and §1334.

3. On February 27, 2008, the Plaintiff timely filed a charge of religious discrimination with the Illinois Department of Human Rights ("IDHR"). (*See* Ex. A.- Charge of Discrimination)

4. On February 29, 2008, the EEOC issued a Notice of Right to Sue. (*See* Ex. B – Notice of Right to Sue)

5. The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to title 28, United States Code §1391.

## PARTIES

6. The Plaintiff is a resident of Cook County, IL. He is a Muslim male of Middle Eastern descent. The Plaintiff was formerly employed by the Defendant.

7. H & M is located at 2453 W. Columbus Drive, Chicago, Illinois, 60629. H & M employed the Plaintiff and at all relevant times employed more than 15 employees.

## FACTS

8. Plaintiff worked for H & M from approximately January 2000 until October 7, 2007. He was hired based on his experience and qualifications and most recently he worked as a trailer mechanic.

9. During Plaintiff's employment he was often singled out and praised during staff meetings for his outstanding work.

10. Several times over the first few years of Plaintiff's employment he asked his supervisor, Randy, for a wage increase. Randy told Plaintiff that the district manager, Steve, would not give Plaintiff a wage increase.

11. On information and belief, Mr. Karim was paid less than other non-Muslim, non-Arabs, who were employed in the same position.

12.     At the beginning of 2004, Defendant, through Rodney, terminated the employment of Plaintiff's co-worker Gilberto Reyes for time card fraud.

13.     During the fall of 2004, Rodney left his employment with Defendant. After Rodney's departure, Steve hired Mr. Reyes back to work for the Defendants as a trailer mechanic. Manny, another employee of Defendants, was promoted to manager.

14.     Plaintiff's shift began at 6:00 a.m. and he was the only one on duty until 9:00 a.m. when Mr. Reyes was suppose to start his shift.

15.     Mr. Reyes often came in several hours late or not at all, leaving Plaintiff as the only one on duty for long stretches of time. Plaintiff noticed that Mr. Reyes was punching his time card in for times he was not present. For example, during the week of May 8 through May 12, 2006, Mr. Reyes punched in for Monday May 8th on May 9th at 8:10 a.m. and punched out on May 8th at 6:33 p.m. In fact, Mr. Reyes had showed up to work several hours late but doctored his time card to indicate he had worked his entire shift by punching in at the correct time the next day. (See Exhibit C – Gilberto Reyes' Time Card for the Week of May 8, 2006 through May 12, 2006)

16.     Plaintiff complained to Steve about Mr. Reyes not showing up for work on time and committing time card fraud. Steve told Plaintiff to mind his own business and took no action against Mr. Reyes.

17.     On information and belief, Steve punched in for Mr. Reyes for time that Mr. Reyes was not at work.

18.     On July 26, 2006, Plaintiff assigned a work order number UPHZ134307 which he completed. (See Exhibit D – Work Ordered Number UPHZ134307 Assigned to Plaintiff Karim)

19.     On information and belief, Mr. Reyes turned in a fraudulent document purporting to have inspected and completed the work order himself. (See Exhibit E – Federal Highway Administration Form Work Order Number UPHZ134307)

20.     On July 27, 2006, Manny approached Plaintiff and threatened to terminate him for claiming to do a work that Mr. Reyes had completed. Plaintiff showed Manny his work order assignment proving that Plaintiff had been the one to do the inspection. No disciplinary actions were taken against Mr. Reyes.

21.     On or about August 15, 2006, Manny was terminated by Defendants and Steve promoted Mr. Reyes to manager.

22.     Plaintiff approached Steve and asked him why Mr. Reyes was promoted when Plaintiff had much more experience and seniority. Steve did not provide Plaintiff with an adequate answer.

23.     On or about October 12, 2006, Mr. Reyes gave Plaintiff his pay check. Across the envelope Mr. Reyes had scrawled "cry baby", presumably due to Plaintiff's objection to Mr. Reyes' promotion. Plaintiff complained to Steve who took no action (See Exhibit F – Paycheck Envelope and Check Stub Dated October 12, 2006)

24.     From Mr. Reyes promotion until Plaintiff's termination, Mr. Reyes continuously referred to Plaintiff as a "terrorist". Plaintiff complained to Steve who again took no action.

25.     Since 2005, a newspaper photograph of Osama Bin Laden was hung up in the lunch room by an employee. After Mr. Reyes was promoted to manager whenever Plaintiff passed by the photo Mr. Reyes would say "You are a terrorist just like him".

26. After Mr. Reyes' promotion, Plaintiff was given less work orders. He was given no explanation for the decrease in his work load.

27. On or about February 19, 2007, Mr. Reyes ordered Plaintiff to carry a large compressor around the lot of the defendant's place of business despite the Plaintiff's age of 57. Plaintiff suffered a hernia and shoulder injury which required surgery. When Plaintiff returned to work following the surgery Mr. Reyes gave Plaintiff a written warning which said he had missed too much work since he had been injured five times in the past eight years. In fact, Plaintiff had only been injured once before on the job.

28. When Plaintiff returned to the job after recovering from his injury, the lock on his locker had been cut off and his locker had been rummaged through.

29. On September 20, 2007, Mr. Reyes wrote Plaintiff up for supposedly forgetting to complete a work order on a truck. To repair the truck part of a wire had to be welded. Plaintiff attempted to weld the wire. However, the weld did not take. Mr. Reyes was aware that that to fix the truck properly it would require a high amount of electricity, more so than the Defendant's could provide. Plaintiff refused to sign the write up so Mr. Reyes foraged his name to it. (See Exhibit G – Employee Warning Notice Dated September 20, 2007)

30. Mr. Reyes continuous followed Plaintiff to monitor his work despite Plaintiff's high performance evaluations. Mr. Reyes did not exhibit this behavior towards other non-Muslim, non-Arab, employees.

31. In 2007, Plaintiff received a paycheck from Mr. Reyes and the envelope had already been opened. Plaintiff complained to Steve about the incident. Steve told Plaintiff it was a mistake and ignored his concern.

32. In 2007, Mr. Reyes approached Plaintiff and asked Plaintiff why he had certain items in his locker. The only way Mr. Reyes could have known what was in Plaintiff's locker was if he had had obtained keys to it and gone through it. Plaintiff is unaware of any other employee's locker being searched in this manner nor was Plaintiff given a reason for the invasion of his personal locker.

33. In July of 2007, Plaintiff approached Mr. Reyes and asked for work to do. Mr. Reyes responded by telling Plaintiff he was a "terrorist" and pointing to the photograph of Osama Bin Laden.

34. From this point on Mr. Reyes locked all the trucks in the yard purposefully preventing Plaintiff from repairing them. Mr. Reyes did not give a reason any reason for the denial of work beyond calling Plaintiff a "terrorist".

35. Mr. Reyes continued to give work orders to similarlily situated non-Muslim, non-Arab employees.

36. On October 16, 2007, Plaintiff was working on a chassis when he was approached by Mr. Reyes who told him not to work on it. Later that day, Paul, who is an independent party employed by the yard to oversee the Defendant's work approached Plaintiff and told him that he should go back to working on the chassis since it was badly damaged which Plaintiff did.

37. On October 17, 2007, Paul approached a co-worker of Plaintiff's named Amador who was working on a chassis. Paul told Amador he should not be working on that particular chassis but rather should work on the one that Plaintiff had worked on the day before. Plaintiff agreed with Paul.

38. Mr. Reyes approached Plaintiff and told him that he was terminated for agreeing with Paul. Plaintiff was not allowed to clean out his locker or gather his personal belongings. He was escorted out of the building by security.

39. On information and belief, Mr. Reyes told Steve that Plaintiff had threatened to kill him and that was the reason why Plaintiff was terminated which is completely untrue. Mr. Reyes is much younger than Plaintiff as well as much bigger.

40. When family of the Plaintiff went to retrieve his personal belongings, several of his tools were missing.

## COUNT I – VIOLATION OF TITLE VII OF THE

## CIVIL RIGHTS ACT OF 1964

41. Mr. Karim reasserts and realleges paragraphs 1-19 as if set fully herein.

42. H & M, through its employees, intentionally discriminated and retaliated against Mr. Karim.

43. H & M's actions have caused Mr. Karim emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Khaled Karim requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

    A. That Plaintiff be reinstated to his position with seniority;

    B. A written apology from the Defendant;

    C. Removal of all disciplinary warnings and reprimands issued by the Defendant;

D. All wages and benefits he would have received but for the discrimination and retaliation;

E. Compensatory damages;

F. Punitive damages;

G. An award of costs, as provided by F.R.C.P. 54(d)(1);

H. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

I. Such other relief as the Court deems equitable and just.

Respectfully Submitted,

s/ Patricia Kemling

Attorney for the Plaintiff
Patricia Kemling
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
28 East Jackson Boulevard, Suite 1410
Chicago, Illinois 60604
Attorney # 6294379
Ph:    312.212.1520
Fax:   312.212.1530

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2008-23796 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Khaled Karim | (773) 284-5575 | 02-12-1950 |

Street Address: 4329 W 82nd Pl, Chicago, IL 60652

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| H&M INTERNATIONAL TRANSPORTATION | 500 or More | (773) 776-4558 |

Street Address: 2543 W. Columbus Drive, Chicago, IL 60629

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-01-2007   Latest: 10-17-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about January 01, 2000. My most recent position was Trailer Mechanic. During my employment I was subjected to harassment. After I complained to Respondent about discrimination, I was disciplined. I was discharged on October 17, 2007.

I believe that I have been discriminated against because of my national origin, Palestinian, and retaliated against for engaging a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I have been discriminated against because of my religion, Muslim, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I have been discriminated against because of disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 27, 2008 — /s/ Khaled Karim
Date — Charging Party Signature

NOTARY — RECEIVED EEOC
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
CHICAGO DISTRICT OFC
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Exhibit A

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Khaled Karim<br>4329 W 82nd Pl<br>Chicago, IL 60652 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7099 3400 0018 8815 6698

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-23796 | Eva Baran, Investigator | (312) 353-7303 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_ — 2-29-08
John P. Rowe, District Director  (Date Mailed)

Enclosures(s)

cc: H & M INTERNATIONAL TRANSPORTATION

08CV2332 AEE
JUDGE DOW JR.
MAGISTRATE JUDGE DENLOW


Exhibit B

08CV2332   AEE
JUDGE DOW JR.
MAGISTRATE JUDGE   DENLOW

| | | | | |
|---|---|---|---|---|
| 336829-9 REYES, GILBERTO | | | ING | |
| 5ZC 331604 | | 5/12/06 | | |

NAME _____

| EXTRA TIME | | REGULAR TIME | |
|---|---|---|---|
| | MONDAY A.M. IN | MAY 8 8 10 | |
| | NOON OUT | | |
| | IN | | |
| | P.M. OUT | MAY 8 6 33 | |
| | TUESDAY A.M. IN | MAY 9 8 10 | |
| | NOON OUT | | |
| | IN | | |
| | P.M. OUT | MAY 9 6 30 | |
| | WEDNESDAY A.M. IN | MAY 10 8 02 | |
| | NOON OUT | | |
| | IN | | |
| | P.M. OUT | MAY 10 6 30 | |
| | THURSDAY A.M. IN | MAY 11 7 59 | |
| | NOON OUT | | |
| | IN | | |
| | P.M. OUT | MAY 11 6 30 | |
| | FRIDAY A.M. IN | | |
| | NOON OUT | | |
| | IN | | |
| | P.M. OUT | MAY 12 6 31 | |
| | SATURDAY A.M. IN | | |
| | NOON OUT | | |
| | IN | | |
| | P.M. OUT | | |
| | SUNDAY A.M. IN | | |
| | NOON OUT | | |
| | IN | | |
| | P.M. OUT | | |
| TOTAL | | TOTAL | |

THIS SIDE OUT

Tops FORM 1258 (M-33)    MADE IN U.S.A.

Exhibit **C**



## FEDERAL HIGHWAY ADMINISTRATION, FHWA
## PERIODIC INSPECTION (PI)

AAR FORM J65
(Effective April 1, 1969)

Trailer/Container Number / Chassis Number: **UPHZ 131307**

Registered Owner: **Union Pacific**
(according to registration card)

Controlling Owner: _____
(according to equipment marks)

License Number: **T333708**     State: **TENN**

Vehicle Identification Number (VIN): **1DWIC5324YE341707**

Location Inspection Performed: **Chicago (Landers)**

| ITEM CHECKED | OK | DEFECT | REPAIRED ITEMS |
|---|---|---|---|
| Lights | | | 1 tail light |
| Reflectors | ✓ | | |
| Wiring | ✓ | | |
| Brakes | | | lube lAdjus |
| Airlines | ✓ | | |
| Kingpin | ✓ | | Aired tires |
| Tires | | | |
| Wheels & Rims | ✓ | | |
| Frame & Assembly | ✓ | | |
| Suspension | | | |
| Axle | | | |

Exhibit **E**

```
08CV2332   AEE
JUDGE DOW JR.
MAGISTRATE JUDGE   DENLOW
```



Exhibit F



# Earnings Statement

CO. FILE DEPT. CLOCK NUMBER
52C 319708 331604 00000265372 1 020

52C
H & M INT'L TRANSPORTATION, INC.
75 COUNTY ROAD
JERSEY CITY, NJ 07307

Period Ending: 10/06/2006
Pay Date: 10/12/2006

KHALED K. KARIM
4329 W. 82ND PL.
CHICAGO, IL 60652

Social Security Number: XXX-XX-8033
Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State: 0

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14.2500 | 40.00 | 570.00 | 13,006.72 |
| Overtime | 21.3750 | 12.00 | 256.50 | 35,236.72 |
| Gross Pay | | | $826.50 | |

| Deductions | | this period | year to date |
|---|---|---|---|
| Statutory | | | |
| Federal Income Tax | | -103.43 | 4,795.73 |
| Social Security Tax | | -48.61 | 2,084.70 |
| Medicare Tax | | -11.37 | 487.55 |
| IL State Income Tax | | -23.52 | 996.05 |
| Other | | | |
| Medical | | -42.50* | 1,612.50 |
| Net Pay | | $597.07 | |

* Excluded from federal taxable wages
Your federal taxable wages this period are $784.00

©2001 Automatic Data Processing, Inc.

# Employee Warning Notice

JLM International Trans, Inc.
Chicago, IL 60629

| | | |
|---|---|---|
| Employee Name: Karim Khaled | | Date of Notice: 9/20/2007 |
| Employee/Payroll #: 219708-2 334604 | Department: 331 | Date of Hire: |

## Type of Violation

- [ ] Attendance
- [ ] Tardy/Early Quit
- [ ] Inappropriate Behavior
- [X] Unsatisfactory Performance
- [ ] Willful Damage to Company Property
- [ ] Violation of Company Policies/Procedures
- [ ] Insubordination
- [ ] Other _____
- [ ] Other _____
- [ ] Other _____
- [ ] Other _____

## Description of Violation

Date of Incident: 9/7/2007    Time: _____

Description:
On Unit TDIZ 262540 you forgot to weld leg bracket. This is unacceptable to be doing this, especially on private owned units. You only tack welded the bracket instead of welding the whole bracket.

## Employee Statement

- [ ] I agree with Employer's statement.
- [ ] I disagree with Employer's description of violation for these reasons:

## Actions to be Taken

- [X] Warning
- [ ] Probation
- [ ] Suspension
- [ ] Discharge
- [ ] Other

Consequence should incident occur again:
This is Khaled's 2nd written warning. If a 3rd warning is issued Khaled will receive a 3 day suspension without pay.

I have read and understand this Employee Warning Notice.

Khaled Karim                    Refused to sign                    9/20/07
Employee's Name (Print)         Signature of Employee              Date

Il Reyes                        _____                    9/20/07
Supervisor/Manager who issued warning (Print)    Signature of Supervisor/Witness    Date

## Routing

Il Reyes
Chet Stroschine
Khaled Karim

Exhibit G