IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Khaled Karim,**<br><br>        Plaintiff,<br><br>v.<br><br>**H & M International Transportation, Inc.,**<br><br>        Defendant. | **No: 08-CV-2332**<br><br>**Judge Robert M. Dow, Jr.** |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
### PLAINTIFF'S CLAIM UNDER SECTION 1981

### INTRODUCTION

Plaintiff, Khaled Karim ("Plaintiff"), filed a complaint of discrimination against Defendant H & M International Transportation, Inc. ("H & M"). At the outset of his Complaint, Plaintiff states that he is seeking "redress for religio[us discrimination], national origin [discrimination], and harassment and retaliation" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). (Pl.'s Compl. ¶ 1.). Despite citing both Title VII and Section 1981 at the beginning of his Complaint, Plaintiff's Complaint does not actually contain a count or prayer for relief under Section 1981. (*See* Pl.'s Compl.). In addition, the only characteristics that Plaintiff puts at issue in his Complaint are his religion and national origin. (Pl.'s Compl. ¶ 1.). Religion and national origin, however, are not protected categories under Section 1981. As a result, Plaintiff's claims of religious and national origin discrimination, and underlying claims of harassment and retaliation, simply fail to state a cause of action under Section 1981. Based on these and the following facts, arguments, and authorities, Plaintiff has failed to state a claim upon which relief can be granted under Section 1981. Thus, H

& M, by and through its attorneys, submits this Memorandum in Support of its Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and requests that Plaintiff's claim under Section 1981 be dismissed.

## LEGAL ARGUMENT

**I.   UNDER 12(b)(6), FAILURE TO STATE A CLAIM IS GROUNDS FOR DISMISSAL**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, i.e., whether the complaint states a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal is proper when it is clear that "the plaintiff can prove no set of facts that would entitle [him] to relief." *Mallet v. Wisconsin Div. of Voc. Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997). In its analysis, a court can take all well-pleaded allegations as true, drawing reasonable inferences in favor of the non-moving party. *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994).

However, a complaint must at least allege the "operative facts" upon which the claim is based. *Hobbs v. City of Chicago*, 2006 U.S. Dist. LEXIS 88943 at *5 (N.D. Ill. 2006) (quoting *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998)). Dismissal is then proper if the complaint fails to allege a necessary element required to obtain relief. *Kyle*, 144 F.3d at 455; *see R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989); *see also Didzerekis v. Stewart*, 41 F. Supp. 2d 840, 844 (N.D. Ill. 1999). As explained below, Plaintiff's Section 1981 claim fails to satisfy federal pleading requirements and should therefore be dismissed with prejudice.

**II.   PLAINTIFF'S SECTION 1981 CLAIM SHOULD BE DISMISSED**

    **A.   Plaintiff Did Not Allege An Actual Count Under Section 1981**

Plaintiff's claim under Section 1981 should be dismissed because he simply failed to allege an actual count or prayer for relief under the statute. At the outset of his Complaint, Plaintiff states that he is bringing this case for "relief pursuant to Title VII . . . and pursuant to [Section 1981]." (Pl.'s Compl. ¶ 1.). While he claims that he is seeking relief under both Title VII and Section 1981, Plaintiff only alleges one Count and prayer for relief – under Title VII. (Pl.'s Compl. ¶¶ 41-43.). In other words, other than mentioning Section 1981 in passing at the beginning of his Complaint, Plaintiff has not actually pled a count or requested relief under Section 1981. As a result, Plaintiff's Section 1981 claim should be dismissed.

    **B.   Plaintiff's National Origin and Religious Discrimination Allegations Do Not State A Cause of Action Under Section 1981**

Plaintiff's Section 1981 claim should also be dismissed because his allegations of religious and national origin discrimination, and underlying claims of harassment and retaliation, do not state a cause of action under Section 1981. *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49-50 (7th Cir. 1984) (rejecting plaintiff's Section 1981 claim where he alleged he was discriminated against on account of his national origin); *Reese v. Abbott Laboratories*, 493 F.Supp 185, 186 (7th Cir. 1978) (finding that Section 1981 does not create a cause of action for religious discrimination). *Dandy v. U.P.S., Inc.*, 388 F.3d 263, 271 (7th Cir. 2004) (holding that harassment based upon membership in an unprotected category is not a cause of action under Section 1981); *Tramble v. Converters Ink Co.*, 343 F. Supp. 1350, 1354 (N.D. Ill. 1972) (holding that Section 1981 is not violated where alleged retaliation is for complaining about conduct not protected under the statute). Therefore, based upon his allegations, Plaintiff's Complaint fails to

state a claim under Section 1981 upon which relief can be granted. For this additional reason, Plaintiff's Section 1981 claim should be dismissed.

## CONCLUSION

Based upon the foregoing facts, argument, and legal authority, Defendant H & M International Transportation, Inc., requests that the Court grant its Motion to Dismiss Plaintiff's Section 1981 claim with prejudice.

                                                Respectfully Submitted,

                                                H & M International Transportation, Inc.

                                                By:    /s/Paul J. Krause
                                                         One of Its Attorneys

Dana S. Connell (#06183652)
Paul J. Krause (#6283298)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
312.372.5520

Dated: June 24, 2008

## **CERTIFICATE OF SERVICE**

I, Paul J. Krause, an attorney, hereby certify that on June 24, 2008, a copy of ***Defendant's Memorandum In Support of Motion to Dismiss Section 1981 Claim*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

Patricia Ann Kemling patricia.kemling@gmail.com
Council on American-Islamic Relations


        /s/Paul J. Krause
Paul J. Krause