IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KHALED KARIM,**<br><br>        Plaintiff,<br><br>     v.<br><br>**H & M INTERNATIONAL TRANSPORTATION, INC.,**<br><br>        Defendant. | No.  08-2332<br><br>Judge Robert M. Dow, Jr. |

### DEFENDANT'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, H & M International Transportation, Inc., (hereinafter "Defendant" or "H & M"), by and through its attorneys, Littler Mendelson, P.C., answers the Complaint of Plaintiff, Khaled Karim, ("Plaintiff"), as follows:[1]

### NATURE OF THE CASE

1.    Plaintiff seeks redress for religion, national origin, and harassment and retaliation. This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, and pursuant to 42 U.S.C. § 1981, as amended.

**ANSWER:**    Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Defendant has filed a Motion to Dismiss Plaintiff's Section 1981 allegation contemporaneously with this answer and, therefore, denies that Plaintiff may properly seek relief pursuant to 42 U.S.C. § 1981, as amended.  Defendant further denies that it violated any of the alleged statutes in any way and denies that Plaintiff is entitled to redress in any form whatsoever.  Finally, Defendant denies the

---

[1] Filed contemporaneously is Defendant's Motion to Dismiss Plaintiff's Allegations brought under Section 1981. Consequently, H & M Answers Plaintiff's Complaint to the extent that it has not moved to Dismiss Plaintiff's Complaint.

remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2. This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964; therefore, jurisdiction of this court is invoked pursuant to title 28, United States Code §1331 and § 1334.

**ANSWER:** Defendant admits that Plaintiff purports to invoke the jurisdiction of the Court pursuant to the above-referenced statutory provisions and that this Court has subject matter jurisdiction over this Complaint. Defendant denies the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. On February 27, 2008, the Plaintiff timely filed a charge of religious discrimination with the Illinois Department of Human Rights ("IDHR"). (See Ex. A - Charge of Discrimination).

**ANSWER:** Defendant admits that Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights on February 27, 2008 and that the Charge contained an allegation of religious discrimination. Defendant denies the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. On February 29, 2008, the EEOC issued a Notice of Right to Sue. (See Ex. B - Notice of Right to Sue).

**ANSWER:** Defendant admits the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to title 28, United States Code §1391.

**ANSWER:** Defendant admits that the Northern District of Illinois is the proper venue to hear this matter. Defendant denies that any of the violations alleged in this Complaint occurred and further denies the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

## PARTIES

6.     The Plaintiff is a resident of Cook County, IL. He is a Muslim male of Middle Eastern descent. The Plaintiff was formerly employed by the Defendant.

**ANSWER:**     Defendant admits that Plaintiff was formerly employed by Defendant. Defendant further admits that Plaintiff purports to be a resident of Cook County, Illinois and purports to be a Muslim male of Middle Eastern descent. Defendant denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.     H & M is located at 2453 W. Columbus Drive, Chicago, Illinois, 60629. H & M employed the Plaintiff and at all relevant times employed more than 15 employees.

**ANSWER:**     Defendant states that it has a facility located at 2543 W. Columbus Drive, Chicago, Illinois, 60620 and admits the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

## FACTS

8.     Plaintiff worked for H & M from approximately January 2000 until October 7, 2007. He was hired based on his experience and qualifications and most recently he worked as a trailer mechanic.

**ANSWER:**     Defendant admits that Plaintiff was hired at H & M on or about November 11, 2000. Defendant also admits that Plaintiff was terminated from his employment at H & M in October of 2007. Defendant further admits that Plaintiff worked for H & M as a trailer mechanic. Defendant denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9.     During Plaintiff's employment he was often singled out and praised during staff meetings for his outstanding work.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Several times over the first few years of Plaintiff's employment he asked his supervisor, Randy, for a wage increase. Randy told Plaintiff that the district manager, Steve, would not give Plaintiff a wage increase.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint and, on that basis, denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint. Defendant notes that Plaintiff has identified "Randy" in this Paragraph only by his first name. Defendant further notes that Plaintiff has a practice, exhibited in subsequent paragraphs of his Complaint, of identifying individuals only by their first names. Because Defendant cannot know to whom Plaintiff is referring when Plaintiff identifies an individual solely by his or her first name, Defendant cannot admit any allegations with respect to any individuals identified exclusively by their first name.

11. On information and belief, Mr. Karim was paid less than other non-Muslim, non-Arabs, who were employed in the same position.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. At the beginning of 2004, Defendant, through Rodney, terminated the employment of Plaintiff's co-worker Gilberto Reyes for time card fraud.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. During the fall of 2004, Rodney left his employment with Defendant. After Rodney's departure, Steve hired Mr. Reyes back to work for the Defendants as a trailer mechanic. Manny, another employee of Defendants, was promoted to manager.

**ANSWER:** Defendant also admits that Gilberto Reyes returned to work at H & M as a trailer mechanic on January 19, 2004. Defendant denies the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Plaintiff's shift began at 6:00 a.m. and he was the only one on duty until 9:00 a.m., when Mr. Reyes was suppose to start his shift.

**ANSWER:** Defendant admits that Plaintiff began his shift at 6 a.m. at times during his employment with H & M. Defendant denies the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Mr. Reyes often came in several hours late or not at all, leaving Plaintiff as the only one on duty for long stretches of time. Plaintiff noticed that Mr. Reyes was punching his time card in for times he was not present. For example, during the week of May 8 through May 12, 2006, Mr. Reyes punched in for Monday May 8th on May 9th at 8:10 a.m. and punched out on May 8th at 6:33 p.m. In fact, Mr. Reyes had showed up to work several hours late but doctored his time card to indicate he had worked his entire shift by punching in at the correct time the next day. (See Exhibit C - Gilberto Reyes' Time Card for the Week of May 8, 2006 through May 12, 2006).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Plaintiff complained to Steve about Mr. Reyes not showing up for work on time and committing time card fraud. Steve told Plaintiff to mind his own business and took no action against Mr. Reyes.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. On information and belief, Steve punched in for Mr. Reyes for time that Mr. Reyes was not at work.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. On July 26, 2006, Plaintiff assigned a work order number UPHZ134307 which he completed. (See Exhibit D - Work Ordered Number UPHZ134307 Assigned to Plaintiff Karim).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. On information and belief, Mr. Reyes turned in a fraudulent document purporting to have inspected and completed the work order himself. (See Exhibit E - Federal Highway Administration Form Work Order Number UPHZ134307).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's

Complaint.

20. On July 27, 2006, Manny approached Plaintiff and threatened to terminate him for claiming to do a work that Mr. Reyes had completed. Plaintiff showed Manny his work order assignment proving that Plaintiff had been the one to do the inspection. No disciplinary actions were taken against Mr. Reyes.

**ANSWER:** Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 and on that basis denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. On or about August 15, 2006, Manny was terminated by Defendants and Steve promoted Mr. Reyes to manager.

**ANSWER:** Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 and on that basis denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Plaintiff approached Steve and asked him why Mr. Reyes was promoted when Plaintiff had much more experience and seniority. Steve did not provide Plaintiff with an adequate answer.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. On or about October 12, 2006, Mr. Reyes gave Plaintiff his pay check. Across the envelope Mr. Reyes had scrawled "cry baby", presumably due to Plaintiff's objection to Mr. Reyes' promotion. Plaintiff complained to Steve who took no action. (See Exhibit F - Paycheck Envelope and Check Stub Dated October 12, 2006).

**ANSWER:** Defendant admits that Mr. Reyes wrote the alleged statement on Plaintiff's October 12, 2006 pay check. Defendant denies the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. From Mr. Reyes promotion until Plaintiff's termination, Mr. Reyes continuously referred to Plaintiff as a "terrorist". Plaintiff complained to Steve who again took no action.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Since 2005, a newspaper photograph of Osama Bin Laden was hung up in the lunch room by an employee. After Mr. Reyes was promoted to manager whenever Plaintiff passed by the photo Mr. Reyes would say "You are a terrorist just like him".

**ANSWER:** Defendant admits that there was a newspaper photograph of Osama Bin Laden hanging on a board in the lunch room. Defendant denies the remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. After Mr. Reyes' promotion, Plaintiff was given less work orders. He was given no explanation for the decrease in his work load.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. On or about February 19, 2007, Mr. Reyes ordered Plaintiff to carry a large compressor around the lot of the defendant's place of business despite the Plaintiff's age of 57. Plaintiff suffered a hernia and shoulder injury which required surgery. When Plaintiff returned to work following the surgery Mr. Reyes gave Plaintiff a written warning which said he had missed too much work since he had been injured five times in the past eight years. In fact, Plaintiff had only been injured once before on the job.

**ANSWER:** Upon information and belief, Defendant admits that Plaintiff claims to have suffered a hernia on or around March 13, 2007. Defendant further admits that it gave Plaintiff a warning letter on May 15, 2007 stating that he had reported five injuries since 2000. Defendant denies the remaining allegation set forth in Paragraph 27 of Plaintiff's Complaint.

28. When Plaintiff returned to the job after recovering from his injury, the lock on his locker had been cut off and his locker had been rummaged through.

**ANSWER:** Defendant admits that the lock on Plaintiff's locker was cut at one point during Plaintiff's employment at H & M to allow the Company to obtain invoices that Plaintiff kept in his locker and that were required for H & M to conduct its business. Defendant denies the remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. On September 20, 2007, Mr. Reyes wrote Plaintiff up for supposedly forgetting to complete a work order on a truck. To repair the truck part of a wire had to be welded. Plaintiff attempted to weld the wire. However, the weld did not take. Mr. Reyes was aware that that to fix the truck properly it would require a high amount of electricity, more so than the Defendant's

could provide. Plaintiff refused to sign the write up so Mr. Reyes foraged [sic] his name to it. (See Exhibit G - Employee Warning Notice Dated September 20, 2007).

**ANSWER:** Defendant admits that Mr. Reyes wrote up Plaintiff on September 20, 2007 for unsatisfactory performance for forgetting to weld a leg bracket during a repair. Defendant denies the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Mr. Reyes continuous [sic] followed Plaintiff to monitor his work despite Plaintiff's high performance evaluations. Mr. Reyes did not exhibit this behavior towards other non-Muslim, non-Arab, employees.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. In 2007, Plaintiff received a paycheck from Mr. Reyes and the envelope had already been opened. Plaintiff complained to Steve about the incident. Steve told Plaintiff it was a mistake and ignored his concern.

**ANSWER:** Defendant admits that at one time during Plaintiff's employment at H & M someone mistakenly opened Plaintiff's paycheck. Defendant denies the remaining allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. In 2007, Mr. Reyes approached Plaintiff and asked Plaintiff why he had certain items in his locker. The only way Mr. Reyes could have known what was in Plaintiff's locker was if he had had obtained keys to it and gone through it. Plaintiff is unaware of any other employee's locker being searched in this manner nor was Plaintiff given a reason for the invasion of his personal locker.

**ANSWER:** Defendant admits that in or around 2007, it came to the attention of Mr. Reyes that Plaintiff had a large number of rivets in his locker that belonged to H & M. Defendant further admits that Mr. Reyes inquired with Plaintiff as to why he had this Company property in his locker. Defendant denies the remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. In July of 2007, Plaintiff approached Mr. Reyes and asked for work to do. Mr. Reyes responded by telling Plaintiff he was a "terrorist" and pointing to the photograph of Osama Bin Laden.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. From this point on Mr. Reyes locked all the trucks in the yard purposefully preventing Plaintiff from repairing them. Mr. Reyes did not give a reason any reason for the denial of work beyond calling Plaintiff a "terrorist".

**ANSWER:** Defendant admits that it locks the chassis and other equipment in the yard to prevent all mechanics from beginning repairs on the equipment before the Company obtains approval to conduct such repairs. Defendant denies the remaining allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Mr. Reyes continued to give work orders to similarly situated non-Muslim, non-Arab employees.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. On October 16, 2007, Plaintiff was working on a chassis when he was approached by Mr. Reyes who told him not to work on it. Later that day, Paul, who is an independent party employed by the yard to oversee the Defendant's work approached Plaintiff and told him that he should go back to working on the chassis since it was badly damaged which Plaintiff did.

**ANSWER:** Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 36 and on that basis denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. On October 17, 2007, Paul approached a co-worker of Plaintiff's named Amador who was working on a chassis. Paul told Amador he should not be working on that particular chassis but rather should work on the one that Plaintiff had worked on the day before. Plaintiff agreed with Paul.

**ANSWER:** Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 37 and on that basis denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.     Mr. Reyes approached Plaintiff and told him that he was terminated for agreeing with Paul.  Plaintiff was not allowed to clean out his locker or gather his personal belongings.  He was escorted out of the building by security.

**ANSWER:**     Defendant admits that Plaintiff was escorted out of the facility by security. Defendant denies the remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.     On information and belief, Mr. Reyes told Steve that Plaintiff had threatened to kill him and that was the reason why Plaintiff was terminated which is completely untrue.  Mr. Reyes is much younger than Plaintiff as well as much bigger.

**ANSWER:**     Defendant admits that Plaintiff was terminated for threatening to kill Mr. Reyes.  Defendant also admits that Mr. Reyes is younger than Plaintiff.  Defendant denies the remaining allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40.     When family of the Plaintiff went to retrieve his personal belongings, several of his tools were missing.

**ANSWER:**     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 40 and on that basis denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

### COUNT I - VIOLATION OF TITLE VII OF THE
### CIVIL RIGHTS ACT OF 1964

41.     Mr. Karim reasserts and realleges paragraphs 1-19 as if set fully herein.

**ANSWER:**     Defendant incorporates by reference its answers to Paragraphs 1 through 40 as though set forth herein.

42.     H & M, through its employees, intentionally discriminated and retaliated against Mr. Karim.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43.     H & M's actions have caused Mr. Karim emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**     Defendant lacks sufficient information to admit or deny the allegations set

forth in Paragraph 43 and on that basis denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Khaled Karim requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

A. That Plaintiff be reinstated to his position with seniority;

B. A written apology from the Defendant;

C. Removal of all disciplinary warnings and reprimands issued by the Defendant;

D. All wages and benefits he would have received but for the discrimination and retaliation;

E. Compensatory damages;

F. Punitive damages;

G. An award of costs, as provided by F.R.C.P. 54(d)(1);

H. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

I. Such other relief as the Court deems equitable and just.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief in any form whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiff cannot state a claim upon which relief may be granted with respect to each and every cause of action set forth in his Complaint, it must be dismissed with prejudice.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint must be dismissed to the extent that he has failed to bring the

present action within the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination and retaliation should be dismissed because Defendant's actions toward Plaintiff were, at all times, based upon legitimate and lawful reasons.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that he has failed to pursue and/or exhaust all applicable administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to timely perfect a charge of discrimination, his Complaint must be dismissed with prejudice.

## SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations for the filing of an administrative charge of discrimination with the EEOC or a state deferral agency; or (b) for alleged incidents of discrimination not listed in his charge; or (c) against parties not named in any administrative charge, Plaintiff may not recover any relief for such incidents of alleged discrimination or against unnamed parties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior alleged by Plaintiff, and/or Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because, to the extent that Plaintiff did take appropriate action,

Defendant fulfilled its obligations to prevent and correct any wrongdoing.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrines of estoppel and/or unclean hands.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of this case. Defendant will rely upon each and every defense that may become known during the course of this litigation, including discovery, trial, or otherwise.

                          H&M International Transportation, Inc.

                          By:/s/Paul J. Krause
                               One of Its Attorneys

Dana S. Connell (#06183652)
Paul J. Krause (#6283298)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: June 24, 2008

## CERTIFICATE OF SERVICE

I, Paul J. Krause, an attorney, hereby certify that on June 24, 2008, a copy of ***Defendant's Partial Answer and Affirmative Defenses to Plaintiff's Complaint*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

Patricia Ann Kemling patricia.kemling@gmail.com
Council on American-Islamic Relations

      /s/Paul J. Krause
      Paul J. Krause