UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHALED KARIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08-CV-2332 |
| ) | Judge Robert M. Dow, Jr. |
| ) | |
| H & M INTERNATIONAL ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECTION 1981 CLAIM**

Plaintiff Khaled Karim ("Plaintiff"), by and through his attorney, Kevin R. Vodak, to respectfully request that this Court deny Defendant H & M International Transportation's ("Defendant") Motion to Dismiss Plaintiff's Section 1981 Claim, and in support thereof states as follows:

1. Plaintiff alleges in his Complaint that Defendant subjected him to religious discrimination, national origin discrimination, harassment and retaliation. (Compl. ¶ 1).

2. In the opening paragraph of Plaintiff's Complaint, Plaintiff seeks redress under Title VII of the Civil Rights Act of 1964 §2000 et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). (Compl. ¶ 1).

3. The Defendant now moves under Rule 12(b)(6) of the Federal Rules to dismiss Plaintiff's Section 1981 claim for failure to state a claim.

4. Defendant's motion, however, fails to adhere to any standard under Fed. R. Civ. P. 12(b)(6). "[In] ruling on a [12(b)(6)] motion to dismiss, a court must draw all

reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff." <u>Joseph v. Cook Co.</u>, No. 07 C 219, 2007 U.S. Dist. LEXIS 26896, at *3 (N.D. Ill. Aug. 27, 2007) (attached as Ex. A). "[T]o be cognizable, the factual allegations contained within a complaint must raise a claim of relief 'above the speculative level'." <u>Id.</u> (citing <u>Bell Atlantic Corp. v. Twombly</u>, U.S., 127 S. Ct. 1955, 1965 L. Ed. 2d 929 (2007)). However, "a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint." <u>Id.</u>

5. In the case at hand, Plaintiff's assertion of a Section 1981 claim rises well above speculation and gives Defendant more than "enough information to allow the defendant to understand the gravamen of the complaint," particularly when the Complaint is read with reasonable inferences and its allegations construed in the favor of the Plaintiff. The Complaint explicitly claims discrimination based on Plaintiff's national origin. (Compl. ¶1). Plaintiff also specifically alleges that he is of "Middle Eastern decent," and his pleading makes several references to the disparately favorable treatment of "non-Arab" co-workers. (Compl. ¶¶6, 11, 35.) A liberal reading of the Complaint clearly conveys claims pursuant to Section 1981 for discrimination based on Plaintiff's Middle Eastern and Arab decent. Thus, the Plaintiff has provided enough information and explanation to support his Section 1981 claim. Defendant, instead, has failed meet its burden and demonstrate that Plaintiff's Section 1981 claim is dismissible under 12(b)(6).

6. Defendant represents to this Court that Section 1981 does not prohibit the forms of discrimination addressed in the Plaintiff's complaint. (Def. Mtn. to Dismiss ¶3.) Such an assertion, however, grossly misconstrues the applicable law under Section 1981.

Courts in this circuit, as well as the Supreme Court, has noted "if a plaintiff adequately alleges that he or she was subject to discrimination by virtue of belonging to an identifiable class of persons considered distinct from 'white citizens,'" such allegations remain sufficient to avoid a Rule 12(b)(6) dismissal.  <u>Joseph</u>, 2007 U.S. Dist. LEXIS 62896, at *10-11; <u>see</u> <u>Saint Francis College v. Al-Khazraji</u>, 481 U.S. 604, 614 (1987). Moreover, the Supreme Court explicitly held in <u>Al-Khazraji</u> that Arab ethnicity and national origin is protected against discrimination under Section 1981.  <u>Id.</u>

7. The Complaint notes that Plaintiff is of "Middle Eastern decent" and makes several references to the disparately favorable treatment of "non-Arab" co-workers.  (Compl. ¶¶6, 11, 35).  Thus, Plaintiff's Complaint sufficiently meets the requirements of a Section 1981 claim.  Defendant's motion to dismiss fails both to meet its burden under 12(b)(6) or adequately present the broad scope of Section 1981 and should be denied.

8. Furthermore, the Supreme Court recently confirmed that Section 1981 supports claims of retaliation for individuals who complain of discrimination.  <u>See</u> <u>CBOCS West Inc. v. Humphries</u>, 128 S. Ct. 1951 (2008).  Plaintiff's allegations of retaliation thus also remain actionable under Section 1981.  (<u>See</u> Compl. ¶¶1, 37-40).

9. To ensure that the parties and this Court fully comprehend the nature and extent of Plaintiff's Claims, however, Plaintiff simultaneously is filing a Motion to Amend Complaint, requesting the Court's leave to for Plaintiff to file an amended complaint pursuant to Rules 15(a) of the Federal Rules of Civil Procedure.

10. Plaintiff's amendment of the Complaint with specific allegations to support a Section 1981 claim moots Defendant's motion to dismiss, and thus the court should deny the motion in its entirety.

11. Rule 15(a) provides that after a responsive pleading has been filed, a party may amend its original pleading pursuant to leave granted by the court. Fed. R. Civ. P. 15(a). The rule also explicitly mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has ordered that "this mandate is to be heeded" and stressed that 15(a)(2) requires a liberal standard which favors the adjudication of claims on the merits. Foman v. Davis, 371 U.S. 178, 182 (1962).

12. In this matter, justice requires that the substance of Plaintiff's Section 1981 claims be heard and not barred on account of easily correctible language in the Complaint. Mr. Karim presents sufficient allegations to support claims of discrimination and retaliation pursuant to Section 1981.

13. Furthermore, Defendant will suffer no prejudice by the introduction of a Section 1981 claim. Plaintiff asserted a Section 1981 claim in the opening of his complaint thereby putting the Defendant on notice of his intent to do so. The Section 1981 claim arises out of the exact same circumstances that support the Plaintiff's Title VII claim. Section 1981 and Title VII are similar civil rights statutes and the introduction of a Section 1981 claim by no means complicates the legal issues present in this litigation. There has been no undue delay -- litigation has moved forward and discovery has commenced.

14. Thus, given that an Amended Complaint can cure all defects in the original Complaint given and that Rule 15(a)(2) prefers substantive adjudication of claims, Defendant's concerns with the Complaint are better served through granting Plaintiff's Motion for Amended Complaint than by dismissal under 12(b)(6).

WHEREFORE, Plaintiff Khalid Karim, respectfully requests that the Court deny the Defendant's Motion to Dismiss Plaintiff's Section 1981 Claim and grant, under 15(a)(2), leave to enter an Amended Complaint and there by curing any defects in the original complaint.

Respectfully submitted,

s/Kevin Vodak
Kevin Vodak
Council on American-Islamic
Relations, Chicago Chapter
(CAIR-Chicago)
28 East Jackson Boulevard
Suite 1410
Chicago, Illinois 60604

**ALVIN JOSEPH, Plaintiff, vs. COOK COUNTY, Defendant.**

**07 C 219**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2007 U.S. Dist. LEXIS 62896**

**August 27, 2007, Decided
August 27, 2007, Filed**

**COUNSEL:** [*1] Alvin Joseph, Plaintiff, Pro se, Chicago, IL.

For County of Cook, Defendant: Julie Ann Sebastian, Cook County State's Attorney's Office, Chicago, IL.

**JUDGES:** Charles P. Kocoras, United States District Judge.

**OPINION BY:** Charles P. Kocoras

**OPINION**

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the court on the motion of Defendant County of Cook ("County") to dismiss the complaint of Plaintiff Alvin Joseph. For the reasons set forth below, the motion is denied.

**BACKGROUND**

According to Joseph's complaint and documents attached to it, he applied for a job with the County as a motor vehicle driver in 2003. On August 1 of that year, the County contacted Joseph regarding his application and scheduled him for a performance test. In November 2003, the County informed him that he had successfully qualified on all portions of the assessment process for a motor vehicle driver that he had undertaken to that point but did not yet offer him a job.

On April 5, 2004, Joseph filed for Chapter 7 bankruptcy. He declared that he had assets totalling $ 7,731. In the schedule listing his personal property, Joseph asserted, *inter alia,* that he had no contingent or unliquidated claims. The bankruptcy court accepted [*2] his representations and entered an order of discharge of his approximately $ 35,000 in debts on July 26, 2004. The case was closed August 5, 2004.

More than a year later, on September 16, 2005, the County again contacted Joseph to let him know that he would be hired conditionally but that a physical was required. He was to wait to receive a letter regarding the physical. According to Joseph, the letter never came and the County refused to provide him with any further information about it.

Approximately three months later, Joseph filed a charge with the EEOC. In it, he claimed that the County discriminated against him on the basis of his national origin, which he gave as "Iraqi Arab/Middle Eastern." He listed December 20, 2005, the date of the charge, as the latest date on which discrimination took place.

Joseph received a right-to-sue letter from the EEOC on October 25, 2006, and filed the instant suit on January 24, 2007. His complaint alleges that the County's failure to hire him violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981. It seeks injunctive relief, lost wages, double damages, front pay, compensatory damages, punitive damages, pre- and [*3] postjudgment interest, attorneys' fees, expert fees, and costs. The County moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). [1]

---

1   Though the County's motion also alludes to Fed. R. Civ. P. 12(b)(1) as a ground for decision, none of the bases set out in the motion pertains to subject matter jurisdiction.

**LEGAL STANDARDS**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a

Case 1:08-cv-02332   Document 17-2   Filed 07/22/2008   Page 2 of 3

Page 2
2007 U.S. Dist. LEXIS 62896, *

motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly,* -- U.S. --, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of [*4] the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson,* 288 F.3d 1005, 1009-10 (7th Cir. 2002). Otherwise, it is improper to grant a motion to dismiss on the basis that an affirmative defense exists. *See Deckard v. General Motors Corp.,* 307 F.3d 556, 560 (7th Cir. 2002).

With these principles in mind, we consider the instant motion.

**DISCUSSION**

In support of its motion, the County advances three arguments. First, the County asserts that Joseph should have disclosed this case as a potential asset of the bankruptcy estate in connection with the proceedings before the bankruptcy court. Because he did not, the County urges that his claims should be barred by the doctrine of judicial estoppel. Second, the County contends that Joseph's [*5] Title VII claims were not brought within the 300-day statute of limitations set forth in 42 U.S.C. § 2000e-5(e)(1) and therefore should be dismissed as untimely. Finally, the County avers that Joseph's claims of national origin discrimination are outside the purview of 42 U.S.C. § 1981. We consider each ground in turn.

**A. Judicial Estoppel**

The doctrine of judicial estoppel "forbids a party who has won a case on one ground to turn around in a subsequent case and repudiate that ground in an effort to win a second victory." *DeVito v. Chicago Park Dist.,* 270 F.3d 532, 535 (7th Cir. 2001). In the context of a bankruptcy proceeding, the doctrine prevents a debtor from obtaining an unfair advantage by inconsistently asserting that a cause of action does not exist but later recovering on the same claim after debts have been discharged. *See Cannon-Stokes v. Potter,* 453 F.3d 446, 447 (7th Cir. 2006). Though there is no exhaustive list of factors that must be present to support the application of the doctrine, one necessary prerequisite is that a party's earlier position must be "clearly inconsistent" with the later stance. *Levinson v. United States,* 969 F.2d 260, 264 (7th Cir. 1992).

Initially, [*6] we note that estoppel, judicial or otherwise, is an affirmative defense. Fed. R. Civ. P. 8(c). As such, a plaintiff is not required to assert its absence in order to state a legally cognizable claim. *See Xechem,* 372 F.3d at 901. Implicitly, the County argues that the complaint, in conjunction with bankruptcy records of which we take judicial notice,[2] unmistakably establishes the defense, thus making it a permissible basis for a Rule 12(b)(6) dismissal. *See Walker,* 288 F.3d at 1009-10. It also relies heavily on *Cannon-Stokes,* contending that it is strikingly similar to this case and thus dictates a like result. That case involved a plaintiff with a claim of disability discrimination against the United States Postal Service, her employer. *Cannon-Stokes,* 453 F.3d at 447. While her discrimination claim was pending at the administrative level, she filed for Chapter 7 bankruptcy. *Id.* Her schedule of assets contained no mention of her claim against the Postal Service, and she was ultimately relieved of $ 98,000 of debt. *Id.*

> 2   Fed. R. Evid. 201(d) mandates that a court take judicial notice of adjudicative facts when a party requests that it do so and supplies the court with the necessary information. [*7] Though the County has not specifically requested that we take notice of the bankruptcy proceedings, it has supplied the documentation necessary to establish the facts upon which the argument relies, so we will assume that it intended to request that we take notice of them.

After the bankruptcy case concluded, Cannon-Stokes brought suit in federal court on her disability claim. *Id.* The court viewed the debtor as attempting to obtain the benefit of debt discharge by failing to disclose a known legal claim and then later attempting to collect on the same claim. *Id.* at 449. Perceiving this to be a deliberate deception of creditors and the judicial system, the court refused to allow the debtor to pursue her suit. *Id.*

In the instant case, there is no question that Joseph did not list his claim against the County in his bankruptcy filing. However, his complaint does not unequivocally indicate that he knew of a potential discrimination claim against the County when he filed his Chapter 7 petition or even when the bankruptcy case con-

cluded. His allegations are equally consistent with a construction that he was unaware of any legal injury before September 2005, well after the bankruptcy case was [*8] over. Equity demands that a plaintiff be barred from asserting a claim deliberately concealed, not one undisclosed because its existence was not yet known. Thus, at this stage of the proceedings, this case cannot be definitively said to be similar to *Cannon-Stokes,* where there was no dispute that the plaintiff not only knew about but was pursuing a separate legal claim when she deliberately omitted it from her bankruptcy petition. *See* 453 F.3d at 447. The facts necessary to establish the defense are not so apparent on the face of the complaint that dismissal would be appropriate at the outset of the case.

### B. Statute of Limitations

The County's second argument in support of dismissal again relies on another affirmative defense: the 300-day statute of limitations for Title VII claims. A cause of action accrues on the date that the plaintiff discovers or should have discovered that he or she has been injured by the defendant's conduct. *See Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1990). The date of accrual may or may not be the same as the date of that the legal injury occurred. *See id.* Under the "discovery rule" of federal common law, a statute of limitations runs from [*9] the date of accrual, not the date of injury. *See id.*

The County's argument is premised on a contention that the 300 days must be measured from November 13, 2003. However, as noted above, there is nothing in the complaint that indicates Joseph surmised (or should have surmised) that the failure to hire him was unlawful in 2003. We do note that, in his response to the motion to dismiss, Joseph states that he filled out a form for the County in September 2003 that asked where he was born, which he thought an odd question. This statement provides some support for the notion that he should have inquired why the question was asked. However, it is not a strong enough indication that the discovery of the injury occurred or should have occurred before September 2005 that Joseph can be said to have pled himself out of court on his Title VII claims. Taking the allegations of the complaint in a light most favorable to him, as we must for purposes of this motion, it is reasonable to infer that he did not suspect improper motives behind the County's actions until September 2005, which is well within 300 days of the filing of his EEOC charge. Accordingly, the motion to dismiss his Title VII claims [*10] as untimely is denied. *See Clark v. City of Braidwood,* 318 F.3d 764, 768 (7th Cir. 2003).

### C. Cognizability of National Origin Claims under 42 U.S.C. § 1981

Finally, the County takes aim at the viability of any claims Joseph is asserting under 42 U.S.C. § 1981. According to the County, § 1981 applies only to claims of racial discrimination, so Joseph's claim that he was discriminated against because of his national origin is not cognizable.

The County is correct that § 1981 does not apply to claims of "national origin," but it fails to recognize that the meaning of that term of art is not the same in a § 1981 context as it is in a Title VII context. It is true that § 1981 does not provide relief when discrimination is based solely on national origin in the sense of the country of one's birth. *See Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 614, 107 S. Ct. 2022, 2029, 95 L. Ed. 2d 582 (1987) (Brennan, J., concurring). However, both the Supreme Court and the Seventh Circuit have made clear that if a plaintiff adequately alleges that he or she was subject to discrimination by virtue of belonging to an identifiable class of persons considered distinct from "white citizens" at the time § 1981 was passed, [*11] that is enough to avoid a Rule 12(b)(6) dismissal. *See, e.g., Saint Francis,* 481 U.S. at 613, 107 S. Ct. at 2028 (claim of discrimination by Iraqi plaintiff cognizable under § 1981). Naturally, to establish liability under § 1981, Joseph will eventually have to prove that he is a member of a racial minority, that the County intended to discriminate against him on the basis of his membership within that minority, and that the discrimination affected his ability to make or enforce a contract. *See Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 756 (7th Cir. 2006). However, the fact that Joseph has labeled his § 1981 claim as one based upon national origin discrimination does not automatically dispose of it at this stage of the proceedings.

### CONCLUSION

Based on the foregoing analysis, the County's motion to dismiss is denied.

Charles P. Kocoras

United States District Judge

Dated: August 27, 2007