IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Khaled Karim,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2332 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| **H & M International Transportation, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff Khaled Karim ("Plaintiff"), by and through his attorney, Kevin Vodak, hereby moves this Honorable Court for leave to amend the above-captioned complaint. In support thereof, Plaintiff states as follows:

1. On April 24, 2008, Mr. Karim filed a complaint alleging religious discrimination, national origin discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, § 2000e *et seq.*, as amended, and pursuant to 42 U.S.C. § 1981.

2. On June 24, 2008 Defendant H & M International Transportation ("Defendant") filed a motion to dismiss the Section 1981 claim, stating that: (1) Plaintiff failed to allege a count and prayer for relief; and (2) Section 1981 does not prohibit religious discrimination, national origin discrimination, or related harassment or retaliation claims.

3. As set forth in Plaintiff's response, the bases of Defendant's motion remain unfounded. However, as a means of clarifying the allegations and claims for the parties and the court, Plaintiff respectfully requests leave to amend the

Complaint with a specific claim under Section 1981 and a corresponding prayer for relief.

4. Rule 15(a) provides that after a responsive pleading has been filed, a party may amend its original pleading pursuant to leave granted by the court. Fed. R. Civ. P. 15(a). The rule also explicitly mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has ordered that "this mandate is to be heeded" and stressed that 15(a)(2) requires a liberal standard which favors the adjudication of claims on the merits. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

5. In this matter, justice requires that the substance of Plaintiff's Section 1981 claims be heard and not barred on account of easily correctible language in the Complaint. Mr. Karim presents sufficient allegations to support claims of discrimination and retaliation pursuant to Section 1981.

Accordingly, Plaintiff respectfully requests that he be permitted to amend the above-captioned complaint for the purpose of clarifying the claims and prayers for relief pursuant to 42 U.S.C. § 1981.

Respectfully submitted,

s/Kevin Vodak
Kevin Vodak
Council on American-Islamic
Relations, Chicago Chapter
(CAIR-Chicago)
28 East Jackson Boulevard
Suite 1410
Chicago, Illinois 60604
312.212.1520