**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KHALED KARIM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 08-CV-2332** |
| | ) | |
| | ) | **Hon. Robert M. Dow, Jr.** |
| | ) | **Judge Presiding** |
| | ) | |
| | ) | |
| **H & M INTERNATIONAL** | ) | |
| **TRANSPORTATION, INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff KHALED KARIM ("Plaintiff"), by and through his counsel, Kevin Vodak, of

COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CHICAGO CHAPTER, complaining of

Defendant, H & M INTERNATIONAL TRANSPORTATION, INC., states as follows:

**NATURE OF THE CASE**

1.    Plaintiff seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and by 42 U.S.C. § 1981, as

amended, as a result of religious discrimination, national origin discrimination, race

discrimination, the creation of a hostile work environment, and retaliation that he suffered during

his employment with Defendant.

**JURISDICTION AND VENUE**

2.    This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil

Rights Act of 1964 and 42 U.S.C. § 1981; therefore, jurisdiction of this court is invoked pursuant

to 28 U.S.C. § 1331 and § 1334.

3.     On February 27, 2008, Plaintiff timely filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). (*See* Ex. A.- Charge of Discrimination.)

4.     On February 29, 2008, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue.  (*See* Ex. B – Notice of Right to Sue.)

5.     The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

6.     Plaintiff, KHALED KARIM, is a Muslim male of Middle Eastern descent.  Plaintiff presently resides in Cook County, Illinois.

7.     Defendant, H & M INTERNATIONAL TRANSPORTATION, INC. ("H & M"), is a New Jersey corporation with one of its places of business located at 2453 W. Columbus Drive, Chicago, Illinois, 60629.  Defendant is an employer for purposes of 42 U.S.C. § 2000e(b), as Defendant employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years.

## COMMON ALLEGATIONS

8.     Plaintiff worked for H & M from approximately January 2000 until October 7, 2007.  He was hired based on his experience and qualifications and most recently he worked as a trailer mechanic.

9.     During Plaintiff's employment he was often singled out and praised during staff meetings for his outstanding work.

10.     Plaintiff requested a wage increase from his supervisor, Randy, several times over the first few years of Plaintiff's employment.  In response, Randy told Plaintiff that the district manager, Steve, refused to give Plaintiff a wage increase.

11.     On information and belief, Plaintiff was paid less than other non-Muslim, non-Middle Eastern, non-Arab, individuals who were employed in a similar position.

12.     At or around the beginning of 2004, Defendant, through Rodney, terminated the employment of Plaintiff's co-worker Gilberto Reyes for time card fraud.

13.     During the fall of 2004, Rodney resigned from his position with Defendant.  After Rodney's departure, District Manager Steve re-hired Mr. Reyes to work as a trailer mechanic for the Defendant. Manny, another employee of Defendants, was promoted to manager.

14.     Plaintiff's shift began at 6:00 a.m. and he was the only one on duty until 9:00 a.m.; Mr. Reyes was also scheduled to start his shift at 6:00 a.m.

15.     Mr. Reyes often came in several hours late or not at all, leaving Plaintiff as the only one on duty for long stretches of time. Plaintiff noticed that Mr. Reyes was punching his time card in for times he was not present. For example, during the week of May 8 through May 12, 2006, Mr. Reyes punched in for Monday May 8th on May 9th at 8:10 a.m. and punched out on May 8th at 6:33 p.m. In fact, Mr. Reyes had showed up to work several hours late but doctored his time card to indicate he had worked his entire shift by punching in at the correct time the next day. (*See* Exhibit C – Gilberto Reyes' Time Card for the Week of May 8, 2006 through May 12, 2006.)

16.     Plaintiff complained to District Manager Steve about Mr. Reyes not showing up for work on time and committing time card fraud.  District Manager Steve told Plaintiff to mind his own business and took no action against Mr. Reyes.

17.     On information and belief, District Manager Steve punched in for Mr. Reyes for time that Mr. Reyes was not at work.

18.     On July 26, 2006, Plaintiff was assigned a work order number UPHZ134307 which he completed. (*See* Exhibit D – Work Ordered Number UPHZ134307 Assigned to Plaintiff Karim.)

19.    On information and belief, Mr. Reyes turned in a fraudulent document purporting to have inspected and completed the work order himself. (*See* Exhibit E – Federal Highway Administration Form Work Order Number UPHZ134307.)

20.    On July 27, 2006, Manny approached Plaintiff and threatened to terminate him for claiming to do work that Mr. Reyes had completed. Plaintiff showed Manny his work order assignment proving that Plaintiff had been the one to do the inspection. No disciplinary actions were taken against Mr. Reyes.

21.    On or about August 15, 2006, Manny was terminated by Defendants, and Steve promoted Mr. Reyes to manager.

22.    Plaintiff approached District Manager Steve and asked him why Mr. Reyes was promoted when Plaintiff had much more experience and seniority. District Manager Steve failed to provide Plaintiff with an adequate answer.

23.    On or about October 12, 2006, Mr. Reyes gave Plaintiff his pay check. Across the envelope Mr. Reyes had scrawled "cry baby," presumably due to Plaintiff's objection to Mr. Reyes' promotion. Plaintiff complained to District Manager Steve, who took no action (*See* Exhibit F – Paycheck Envelope and Check Stub Dated October 12, 2006).

24.    From Mr. Reyes promotion until Plaintiff's termination, Mr. Reyes continuously referred to Plaintiff as a "terrorist." Plaintiff complained to District Manager Steve, who again took no action.

25.    Since 2005, a newspaper photograph of Osama Bin Laden was hung up in the lunch room by an employee. After Mr. Reyes was promoted to manager, whenever Plaintiff passed by the photo, Mr. Reyes would say, "You are a terrorist just like him."

26.    After Mr. Reyes' promotion, Plaintiff was given less work orders.  He was given no explanation for the decrease in his work load.

27.    On or about February 19, 2007, Mr. Reyes ordered Plaintiff to carry a large compressor around the lot of Defendant's place of business despite the Plaintiff's age of 57.  Plaintiff suffered a hernia and shoulder injury which required surgery. When Plaintiff returned to work following the surgery, Mr. Reyes gave Plaintiff a written warning which said he had missed too much work since he had been injured five times in the past eight years.  In fact, Plaintiff had only been injured once before on the job.

28.    When Plaintiff returned to the job after recovering from his injury, the lock on his locker had been cut off and his locker had been rummaged through.

29.    On September 20, 2007, Plaintiff attempted to weld a wire on a truck, but the weld did not take because Defendant's building could not provide enough electricity that was required to complete the weld.  Although Mr. Reyes was aware that the reason the truck was not fixed properly was due to Defendant's insufficient electricity, he wrote up Plaintiff for not completing a work order.  Plaintiff refused to sign the write up, so Mr. Reyes forged his signature. (*See* Exhibit G of Complaint – Employee Warning Notice Dated September 20, 2007).

30.    Mr. Reyes continuously followed Plaintiff to monitor his work despite Plaintiff's high performance evaluations. Mr. Reyes did not exhibit this behavior towards other similarly situated non-Muslim, non-Middle Eastern, non-Arab, employees.

31.    In 2007, Plaintiff received a paycheck from Mr. Reyes, but the envelope had already been opened.  Plaintiff complained to District Manager Steve about the incident. District Manager Steve told Plaintiff that this was a mistake and ignored his concern.

32.    In 2007, Mr. Reyes approached Plaintiff and asked Plaintiff why he had certain items in his locker. The only way Mr. Reyes could have known what was in Plaintiff's locker was if he had obtained keys to it and gone through it.  Plaintiff is unaware of any other employee's locker being searched in this manner, nor was Plaintiff given a reason for the invasion of his personal locker.

33.    In July of 2007, Plaintiff approached Mr. Reyes and asked for work to do.  Mr. Reyes responded by telling Plaintiff that he was a "terrorist," pointing to the photograph of Osama Bin Laden.

34.    From this point on Mr. Reyes locked all the trucks in the yard, purposefully preventing Plaintiff from repairing them. Mr. Reyes did not give a reason any reason for the denial of work beyond calling Plaintiff a "terrorist."

35.    Mr. Reyes continued to give work orders to similarlily situated non-Muslim, non-Middle Eastern, non-Arab employees.

36.    On October 16, 2007, Plaintiff was working on a chassis when he was approached by Mr. Reyes, who told him not to work on the chassis.  Later that day, Paul, who is an independent party employed by the yard to oversee the Defendant's work, approached Plaintiff and told him that he should go back to working on the chassis since it was badly damaged.  Plaintiff followed Paul's directions and returned to work on the chassis.

37.    On October 17, 2007, Paul approached a co-worker of Plaintiff's named Amador who was working on a chassis. Paul told Amador he should not be working on that particular chassis but rather should work on the one that Plaintiff had worked on the day before.  Plaintiff agreed with Paul.

38.    Mr. Reyes approached Plaintiff and told him that he was terminated for agreeing with Paul.  Plaintiff was not allowed to clean out his locker or gather his personal belongings.  He was escorted out of the building by security.

39.    On information and belief, Mr. Reyes told District Manager Steve that Plaintiff had threatened to kill him, a completely false allegation. Mr. Reyes is much younger than Plaintiff as well as much bigger.  The reliance on Mr. Reyes' false allegation thus contributed to the pretextual basis for terminating Plaintiff's employment.

40.    When Plaintiff's family went to retrieve his personal belongings from Defendant's facility, several of Plaintiff's tools were missing.

## COUNT I

## TITLE VII- RELIGIOUS DISCRIMINATION

## HOSTILE WORK ENVIRONMENT

41.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

42.    Defendant's employees and management subjected Plaintiff to a hostile work environment based on his religion, Islam, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

43.    Despite Plaintiff's specific complaints to Defendant's management, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

44.    The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his religion, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

45.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits Plaintiff would have received but for the discrimination;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

H.  Such other relief as the Court deems equitable and just.

**COUNT II**

**TITLE VII – RELIGIOUS DISCRIMINATION**

**DISPARATE TREATMENT**

46.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

47.    Defendant's management subjected Plaintiff to adverse actions based on his religion, Islam, including but not limited to, cutting his hours and thereby reducing his wages, barring Plaintiff from receiving credit for his work, paying Plaintiff lower wages than other similarly

situated non-Muslim, employees, terminating Plaintiff's employment, and barring Plaintiff from retrieving his belongings from his locker after being fired.

48.    The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his religion, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

49.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Khaled Karim requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits Plaintiff would have received but for the discrimination;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k) or 42 U.S.C. § 1988(b)-(c); and

H.  Such other relief as the Court deems equitable and just.

## COUNT III

## TITLE VII – NATIONAL ORIGIN DISCRIMINATION

## HOSTILE WORK ENVIRONMENT

9

50.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

51.    Defendant's employees and management subjected Plaintiff to a hostile work environment based on his national origin, Middle Eastern, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

52.    Despite Plaintiff's specific complaints to Defendant's management, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

53.    The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his national origin, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

54.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

55.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits he would have received but for the discrimination and retaliation;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.  Such other relief as the Court deems equitable and just.

## COUNT IV

## TITLE VII – DISPARATE TREATMENT

## NATIONAL ORIGIN DISCRIMINATION

56.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

57.    Defendant's management subjected Plaintiff to adverse actions based on his national origin, Middle Eastern, including but not limited to cutting his hours and thereby reducing his wages; barring Plaintiff from receiving credit for his work; paid less wages compared to other similarly situated, non-Middle Eastern, employees; terminating Plaintiff's employment; and barring Plaintiff from retrieving his belongings from his locker after being fired.

58.    The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his national origin, Middle Eastern, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

59.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Khaled Karim requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

11

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits Plaintiff would have received but for the discrimination;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k) or 42 U.S.C. § 1988(b)-(c); and

H.  Such other relief as the Court deems equitable and just.

<u>COUNT V</u>

<u>TITLE VII – RETALIATION</u>

60.   Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

61.   Plaintiff engaged in statutorily protected activity pursuant to Title VII by directly reporting the discrimination and harassment he endured by employees and management based on his religion and national origin.

62.   Defendant retaliated against Plaintiff by fostering hostile work conditions of employment and ultimately terminating his employment, as well as barring Plaintiff from retrieving his belongings from his locker after being fired.

63.   The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to religious and national origin discrimination, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 <u>et seq.</u>

64.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional

distress, inconvenience, lost wages and benefits, and other consequential damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A. A written apology from the Defendant;

B. Removal of all disciplinary warnings and reprimands issued by the Defendant;

C. All wages and benefits Plaintiff would have received but for the discrimination and retaliation;

D. Compensatory damages;

E. Punitive damages;

F. An award of costs, as provided by F.R.C.P. 54(d)(1);

G. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k) or 42 U.S.C. § 1988(b)-(c); and

H. Such other relief as the Court deems equitable and just.

### COUNT VI

### 42 U.S.C. § 1981 – RACE DISCRIMINATION

### HOSTILE WORK ENVIORNMENT

65.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

66.    Defendant's employees and management subjected Plaintiff to a hostile work environment based on his race, Arab, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

66.     Despite Plaintiff's specific complaints to Defendant's management, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

67.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, Arab, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.


68.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits Plaintiff would have received but for the discrimination;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.  Such other relief as the Court deems equitable and just.

## COUNT VII

## 42 U.S.C.  1981 – RACE DISCRIMINATION

## **DISPARATE TREATMENT**

69.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

70.    Defendant's management subjected Plaintiff to adverse actions based on his race, Arab, including but not limited to: cutting his workload and thereby reduced his wages; barring Plaintiff from receiving credit for his work; being paid less wages compared to other similarly situated, non-Arab, employees; terminating Plaintiff's employment; and barring Plaintiff from retrieving his belongings from his locker after being fired.

71.    The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, Arab, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

72.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits he would have received but for the discrimination;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.  Such other relief as the Court deems equitable and just.

## COUNT VIII

### 42 U.S.C. § 1981 -- RETALIATION

72.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

73.    Plaintiff engaged in statutorily protected activity pursuant to 42 U.S.C. § 1981 by directly reporting the discrimination and harassment he endured by employees and management based on his race.

74.    Defendant retaliated against Plaintiff by fostering hostile work conditions of employment and ultimately terminating his employment, as well as barring Plaintiff from retrieving his belongings from his locker after being fired.

75.    The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, in violation of the provisions of 42 U.S.C. § 1981.

76.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits Plaintiff would have received but for the discrimination and retaliation;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.  Such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

77.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.


Respectfully Submitted,


/s/Kevin Vodak_____
KEVIN VODAK
Attorney for Plaintiff




Attorney #: 6270773
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
28 East Jackson Boulevard, Suite 1410
Chicago, Illinois 60604
Ph:      312.212.1520
Fax:     312.212.1530

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 846-2008-23796 |

Illinois Department Of Human Rights and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Khaled Karim | (773) 284-5575 | 02-12-1950 |

Street Address | City, State and ZIP Code
4329 W 82nd Pl, Chicago, IL 60652

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| H&M INTERNATIONAL TRANSPORTATION | 500 or More | (773) 776-4558 |

Street Address | City, State and ZIP Code
2543 W. Columbus Drive, Chicago, IL 60629

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 05-01-2007    Latest 10-17-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about January 01, 2000. My most recent position was Trailer Mechanic. During my employment I was subjected to harassment. After I complained to Respondent about discrimination, I was disciplined. I was discharged on October 17, 2007.

I believe that I have been discriminated against because of my national origin, Palestinian, and retaliated against for engaging a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I have been discriminated against because of my religion, Muslim, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I have been discriminated against because of disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

RECEIVED EEOC

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

CHICAGO DISTRICT OFC

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

| Feb 27, 2008 | *Khaled Karim* |
|---|---|
| Date | Charging Party Signature |

Exhibit A

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Khaled Karim<br>4329 W 82nd Pl<br>Chicago, IL 60652 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8815 6698

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-23796 | Eva Baran,<br>Investigator | (312) 353-7303 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                    2-29-08

John P. Rowe,                    (Date Mailed)
District Director

Enclosures(s)

cc:    H & M INTERNATIONAL TRANSPORTATION



Exhibit **B**

336829-9  REYES, GILBERTO   ING
N  5ZC  331604              5/12/06

NAME

| EXTRA TIME | | | | REGULAR TIME |
|---|---|---|---|---|
| | MONDAY | A.M. | IN | MAY 08 8 10 |
| ———— | | | OUT | |
| ———— | | NOON | IN | |
| ———— | | P.M. | OUT | MAY 08 6 33 |
| | TUESDAY | A.M. | IN | MAY 09 8 10 |
| ———— | | | OUT | |
| ———— | | NOON | IN | |
| ———— | | P.M. | OUT | MAY 09 6 30 |
| | WEDNESDAY | A.M. | IN | MAY 10 8 02 |
| ———— | | | OUT | |
| ———— | | NOON | IN | |
| ———— | | P.M. | OUT | MAY 10 6 30 |
| | THURSDAY | A.M. | IN | MAY 11 1 59 |
| ———— | | | OUT | |
| ———— | | NOON | IN | |
| ———— | | P.M. | OUT | MAY 11 6 30 |
| | FRIDAY | A.M. | IN | |
| ———— | | | OUT | |
| ———— | | NOON | IN | |
| ———— | | P.M. | OUT | MAY 12 6 31 |
| | SATURDAY | A.M. | IN | |
| ———— | | | OUT | |
| ———— | | NOON | IN | |
| ———— | | P.M. | OUT | |
| | SUNDAY | A.M. | IN | |
| ———— | | | OUT | |
| ———— | | NOON | IN | |
| ———— | | P.M. | OUT | |
| TOTAL | | | TOTAL | |

THIS SIDE OUT

**TOPS** FORM 1259 (M-33)                    MADE IN U.S.A.

Exhibit **C**



# TOFC/COFC REPAIR

**No. 115942**

KARIM

REPAIRED UNIT INITIALS/NUMBER: BUPHZ 134307

MANUFACTURER

ASSOCIATED UNIT INITIALS/NUMBER: EMHU 231053

DATE BUILT

REPAIR ESTIMATE DATE: 6 27 06

REPAIRED AT    RAMP    SHOP

IN SERVICE DATE:

LOADED / EMPTY

REPAIR KIND: O  THER

INVOICE NUMBER: 63    NEW PART NUMBER: 1051    DATE

| DEBIT CREDIT | R R | R C | WHY MADE | RR MAT | LOCATION | QTY | NEW PART NUMBER | PART REPAIR DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | 1 | | 8 | | RSF | | | Repl (1) Marker Light (misc) |
| | | | 8 | | F | | | Repl Grab Hand (misc) |
| | | | 8 | | L4 | | | EHWA Expired 9/05 (check op cube) |
| | | | 2 | | L/R | | | Repl Both Saved Shoe Pkes & Housings |
| | | | 8 | | R | | | Repl (1) Tail Light (misc) |

MIL.POST/SPLC

PAYEE ID

J2B DATE

J2 TITALS

AUTHORIZED

**WORK ORDER**

R.R.-REPAIR RESPONSIBILITY
1  Owner
2  Handling Line
3  J2
4  J3
5  J4
6  Counter Bill
7  J1 (Dgr.)

R.C.-REPAIR CONDITION
1  New
2  Used
3  Reconditioned
7  Labor Only

AUTH NUM.
01  Associated Repairs
02  Bent
03  Broken
04  Defective
05  Inoperative
06  Leaking
07  Loose
08  Missing

WHY MADE
01  Stick Tread
02  Separated Cap
03  Blister Knob
04  Brown Out
05  Run Flat, Sidc Flat
06  Cut, Torn
07  Worn Out, Del.
08  Flat Tire

17
18
19  Int
20  Ct
21  Ct
22  Re
23  Re
24  Bu

Railroad Damage
Weld Broken

RBR  right side rear

LOCATION CODES
L/R  left rear
right rear
front
rear
side
under
top
right side
left side

INVOICE TOTAL →

**Exhibit D**

# FEDERAL HIGHWAY ADMINISTRATION, FHWA
## PERIODIC INSPECTION (FI)

AAR FORM 119

(Effective April 1, 1989)

Trailer/Container Number

Chassis Number _____ UP#2 13+307

Registered Owner _____ Union Pacific
(according to registration card)

Controlling Owner _____
(according to equipment marks)

License Number _____ T333708 _____ State TENN

Vehicle Identification Number (VIN) _____ 1RWIC5324YE341707

Location Inspection Performed _____ Chicago CLANDERS

| ITEM CHECKED | OK | DEFECT | REPAIRED ITEMS |
|---|---|---|---|
| Lights | | | 1 tail light |
| Reflectors | ✓ | | |
| Wiring | ✓ | | |
| Brakes | | | Lube 1 Adju |
| Airlines | ✓ | | |
| Kingpin | ✓ | | |
| Tires | | | Aired tires |
| Wheels & Rims | | | |
| Frame & Assembly | ✓ | | |
| Suspension | ✓ | | |
| Axle | ✓ | | Exhibit E |

Mi Rollos        28 JUN



Exhibit **F**

# Employee Warning Notice

H M International Trans, Inc.
Columbus Drive
Chicago, IL 60629

| | | |
|---|---|---|
| Employee Name | Karim Khaled | Date of Notice  9/20/2007 |
| Employee/Payroll # | 319708-2 334604 | Department  331 | Date of Hire |

## Type of Violation

| | | |
|---|---|---|
| ☐ Attendance | ☐ Willful Damage to Company Property | ☐ Other: |
| ☐ Tardy/Early Quit | ☐ Violation of Company Policies/Procedures | ☐ Other: |
| ☐ Inappropriate Behavior | ☐ Insubordination | ☐ Other: |
| ☒ Unsatisfactory Performance | ☐ Other: | ☐ Other: |

## Description of Violation

Date of Incident  9/7/2007          Time

Description

On Unit TDIZ 262540 you forgot to weld leg bracket. This is unacceptable to be doing this, especially on private owned units. You only tack welded the bracket instead of welding the whole bracket.

## Employee Statement

☐ I agree with Employer's statement.

☐ I disagree with Employer's description of violation for these reasons:

## Actions to be Taken

☒ Warning       ☐ Probation       ☐ Suspension       ☐ Discharge       ☐ Other:

Consequence should incident occur again:

This is Khaled's 2nd written warning. If a 3rd warning is issued Khaled will receive a 3 day suspension without pay.

## I have read and understand this Employee Warning Notice.

| | | |
|---|---|---|
| Khaled Karim | Refused to sign | 9/20/07 |
| Employee's Name (Print) | Signature of Employee | Date |
| Il Reyes | | 9/20/07 |
| Supervisor/Manager who issued warning (Print) | Signature of Supervisor/Manager | Date |

## Routing

Il Reyes

Chet Stroschine

Khaled Karim

**Exhibit  G**