**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KHALED KARIM,** | |
| Plaintiff, | |
| v. | No.  08 C 2332 |
| **H & M INTERNATIONAL TRANSPORTATION, INC.,** | |
| Defendant. | |

**DEFENDANT'S AGREED MOTION FOR LEAVE TO FILE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT, *INSTANTER***

Defendant H & M International Transportation, Inc. (hereinafter "Defendant" or "H&M"), by and through its attorneys, Littler Mendelson, P.C., and pursuant to the applicable Local Rules of the Northern District of Illinois and Rule 6(b)(2) of the Federal Rules of Civil Procedure, hereby files the instant Agreed Motion for Leave to File its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, *Instanter*.  In support of its Motion, Defendant states as follows:

1.      Plaintiff filed his First Amended Complaint in this matter on or about August 6, 2008.

2.      Through an inadvertent error, counsel failed to file its Answer and Affirmative Defenses on August 20, 2008.  Upon learning of this error on the morning of August 21, 2008, Defendant's counsel immediately called Plaintiff's counsel to notify him of the inadvertent delay in responding to Plaintiff's First Amended Complaint and requested his concurrence in this Motion.

3.    Plaintiff's counsel indicated that Plaintiff had no objection to this Motion.

WHEREFORE, Defendant, H & M Transportation, Inc., respectfully requests that the Court grant the instant Agreed Motion, and that it accept the attached Answer and Affirmative Defenses for filing.

Respectfully submitted,

H&M INTERNATIONAL TRANSPORTATION, INC.

By:/s/Paul J. Krause
One of Its Attorneys

Dana S. Connell (#06183652)
Paul J. Krause (#6283298)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: August 21, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2008, I electronically filed the foregoing document with the Clerk of the United States District Court, Northern District of Illinois, using the ECF system which will send notification of such filing to the following ECF Participants:

Patricia Ann Kemling
patricia.kemling@gmail.com

Kevin R. Vodak
attorney@cairchicago.org


_____/s/Paul J. Krause_____
Paul J. Krause

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**KHALED KARIM,**

              Plaintiff,

    v.

**H & M INTERNATIONAL
TRANSPORTATION, INC.,**

              Defendant.

No.  08 C 2332

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant H & M International Transportation, Inc. (hereinafter "Defendant" or "H&M"), by and through its attorneys, Littler Mendelson, P.C., and for its answer to Plaintiff's First Amended Complaint, states as follows:

### NATURE OF THE CASE

1.    Plaintiff seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and by 42 US.C. § 1981, as amended, as a result of religious discrimination, national origin discrimination, race discrimination, the creation of a hostile work environment, and retaliation that he suffered during his employment with Defendant.

**ANSWER:**    Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, as amended.  Defendant denies that it violated any of the alleged statutes in any way and denies that Plaintiff is entitled to redress in any form whatsoever.  Finally, Defendant denies the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

2.    This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; therefore, jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and § 1334.

**ANSWER:**    Defendant admits that Plaintiff purports to invoke the jurisdiction of the Court pursuant to the above-referenced statutory provisions and that this Court has subject matter jurisdiction over this Complaint.    Defendant denies the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.    On February 27, 2008, Plaintiff timely filed a charge of discrimination with the Illinois Department of Human Rights.  ("IDHR") (See Ex. A.- Charge of Discrimination.)

**ANSWER:**    Defendant admits that Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights on February 27, 2008.  Defendant denies the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.    On February 29, 2008, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue.  (See Ex. B - Notice of Right to Sue.)

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 4 of Plaintiff's

5.    The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER:**    Defendant admits that the Northern District of Illinois is the proper venue to hear this matter.  Defendant denies that any of the violations alleged in this Complaint occurred and further denies the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

## PARTIES

6.    Plaintiff, KHALED KARIM, is a Muslim male of Middle Eastern descent. Plaintiff presently resides in Cook County, Illinois.

**ANSWER:**    Defendant admits that Plaintiff purports to be a resident of Cook County, Illinois and purports to be a Muslim male of Middle Eastern descent.  Defendant denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.    Defendant, H & M INTERNATIONAL TRANSPORTATION, INC. ("H & M"), is a New Jersey corporation with one of its places of business located at 2453 W. Columbus Drive, Chicago, Illinois, 60629.  Defendant is an employer for purposes of 42 U.S.C. § 2000e(b),

as Defendant employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years.

**ANSWER:**     Defendant admits that it is a New Jersey corporation and that it has a facility located at 2543 W. Columbus Drive, Chicago, Illinois 60620.  Defendant admits that it has employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years.  Defendant denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

## COMMON ALLEGATIONS

8.     Plaintiff worked for H & M from approximately January 2000 until October 7, 2007.  He was hired based on his experience and qualifications and most recently he worked as a trailer mechanic.

**ANSWER:**     Defendant admits that Plaintiff was hired at H & M on or about November 1, 2000.  Defendant also admits that Plaintiff was terminated from his employment at H & M in October of 2007.  Defendant further admits that Plaintiff worked for H & M as a trailer mechanic.  Defendant denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9.     During Plaintiff's employment he was often singled out and praised during staff meetings for his outstanding work.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.     Plaintiff requested a wage increase from his supervisor, Randy, several times over the first few years of Plaintiff's employment.  In response, Randy told Plaintiff that the district manager, Steve, refused to give Plaintiff a wage increase.

**ANSWER:**     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint and, on that basis, denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.  Defendant notes that Plaintiff has identified "Randy" in this Paragraph only by his first name.  Defendant further notes that

Plaintiff has a practice, exhibited in subsequent paragraphs of his Complaint, of identifying individuals only by their first names. Because Defendant cannot know to whom Plaintiff is referring when Plaintiff identifies an individual solely by his or her first name, Defendant cannot admit any allegations with respect to any individuals identified by their first name.

11.    On information and belief, Plaintiff was paid less than other non-Muslim, non-Middle Eastern, non-Arab, individuals who were employed in a similar position.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.    At or around the beginning of 2004, Defendant, through Rodney, terminated the employment of Plaintiff's co-worker Gilberto Reyes for time card fraud.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.    During the fall of 2004, Rodney resigned from his position with Defendant. After Rodney's departure, District Manager Steve re-hired Mr. Reyes to work as a trailer mechanic for the Defendant. Manny, another employee of Defendants, was promoted to manager.

**ANSWER:**    Defendant admits that Gilberto Reyes returned to work at H & M as a trailer mechanic on January 19, 2004. Defendant denies the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14.    Plaintiffs shift began at 6:00 a.m. and he was the only one on duty until 9:00 a.m.; Mr. Reyes was also scheduled to start his shift at 6:00 a.m.

**ANSWER:**    Defendant admits that Plaintiff began his shift at 6 a.m. at times during his employment with H & M. Defendant denies the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.    Mr. Reyes often came in several hours late or not at all, leaving Plaintiff as the only one on duty for long stretches of time. Plaintiff noticed that Mr. Reyes was punching his time card in for times he was not present. For example, during the week of May 8 through May 12, 2006, Mr. Reyes punched in for Monday May 8th on May 9th at 8:10 a.m. and punched out on May 8th at 6:33 p.m. In fact, Mr. Reyes had showed up to work several hours late but doctored his time card to indicate he had worked his entire shift by punching in at the correct

time the next day.  (See Exhibit C - Gilberto Reyes' Time Card for the Week of May 8, 2006 through May 12, 2006.)

     **ANSWER:**    Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's

Complaint.

     16.    Plaintiff complained to District Manager Steve about Mr. Reyes not showing up for work on time and committing time card fraud.  District Manager Steve told Plaintiff to mind his own business and took no action against Mr. Reyes.

     **ANSWER:**    Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's

Complaint.

     17.    On information and belief, District Manager Steve punched in for Mr. Reyes for time that Mr. Reyes was not at work.

     **ANSWER:**    Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's

Complaint.

     18.    On July 26, 2006, Plaintiff was assigned a work order number UPHZ134307 which he completed.  (See Exhibit D - Work Ordered Number UPHZ134307 Assigned to Plaintiff Karim.)

     **ANSWER:**    Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's

Complaint.

     19.    On information and belief, Mr. Reyes turned in a fraudulent document purporting to have inspected and completed the work order himself.  (See Exhibit E - Federal Highway Administration Form Work Order Number UPHZ134307.)

     **ANSWER:**    Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's

Complaint.

     20.    On July 27, 2006, Manny approached Plaintiff and threatened to terminate him for claiming to do work that Mr. Reyes had completed.  Plaintiff showed Manny his work order assignment proving that Plaintiff had been the one to do the inspection.  No disciplinary actions were taken against Mr. Reyes.

     **ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 20 and on that basis denies the allegations set forth in Paragraph 20 of Plaintiff's

Complaint.

21.    On or about August 15, 2006, Manny was terminated by Defendants, and Steve promoted Mr. Reyes to manager.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 and on that basis denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.    Plaintiff approached District Manager Steve and asked him why Mr. Reyes was promoted when Plaintiff had much more experience and seniority.  District Manager Steve failed to provide Plaintiff with an adequate answer.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.    On or about October 12, 2006, Mr. Reyes gave Plaintiff his pay check.  Across the envelope Mr. Reyes had scrawled "cry baby," presumably due to Plaintiff's objection to Mr. Reyes' promotion.  Plaintiff complained to District Manager Steve, who took no action.  (See Exhibit F - Paycheck Envelope and Check Stub Dated October 12, 2006).

**ANSWER:**    Defendant admits that Mr. Reyes wrote the alleged statement on Plaintiff's October 12, 2006 pay check.  Defendant denies the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.    From Mr. Reyes promotion until Plaintiff's termination, Mr. Reyes continuously referred to Plaintiff as a "terrorist."  Plaintiff complained to District Manager Steve, who again took no action.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.    Since 2005, a newspaper photograph of Osama Bin Laden was hung up in the lunch room by an employee.  After Mr. Reyes was promoted to manager, whenever Plaintiff passed by the photo, Mr. Reyes would say, "You are a terrorist just like him."

**ANSWER:**    Defendant admits that there was a newspaper photograph of Osama bin Laden hanging on a board in the lunch room.  Defendant denies the remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.    After Mr. Reyes' promotion, Plaintiff was given less work orders.  He was given no explanation for the decrease in his work load.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.    On or about February 19, 2007, Mr. Reyes ordered Plaintiff to carry a large compressor around the lot of Defendant's place of business despite the Plaintiff's age of 57. Plaintiff suffered a hernia and shoulder injury which required surgery.  When Plaintiff returned to work following the surgery, Mr. Reyes gave Plaintiff a written warning which said he had missed too much work since he had been injured five times in the past eight years.  In fact, Plaintiff had only been injured once before on the job.

**ANSWER:**    Upon information and belief, Defendant admits that Plaintiff claims to have suffered a hernia on or around March 13, 2007.  Defendant further admits that it gave Plaintiff a warning letter on May 15, 2007 stating that he had reported five injuries since 2000. Defendant denies the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.    When Plaintiff returned to the job after recovering from his injury, the lock on his locker had been cut off and his locker had been rummaged through.

**ANSWER:**    Defendant admits that the lock on Plaintiff's locker was cut at one point during Plaintiff's employment at H & M to allow the Company to obtain invoices that Plaintiff kept in his locker and that were required for H & M to conduct its business.  Defendant denies the remaining allegations set froth in Paragraph 28 of Plaintiff's Complaint.

29.    On September 20, 2007, Plaintiff attempted to weld a wire on a truck, but the weld did not take because Defendant's building could not provide enough electricity that was required to complete the weld.  Although Mr. Reyes was aware that the reason the truck was not fixed properly was due to Defendant's insufficient electricity, he wrote up Plaintiff for not completing a work order.  Plaintiff refused to sign the write up, so Mr. Reyes forged his signature. (See Exhibit G of Complaint - Employee Warning Notice Dated September 20, 2007).

**ANSWER:**    Defendant admits that Mr. Reyes wrote up Plaintiff on September 20, 2007 for unsatisfactory performance for forgetting to weld a leg bracket during a repair. Defendant denies the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.    Mr. Reyes continuously followed Plaintiff to monitor his work despite Plaintiff's high performance evaluations.  Mr. Reyes did not exhibit this behavior towards other similarly situated non-Muslim, non-Middle Eastern, non-Arab, employees.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.    In 2007, Plaintiff received a paycheck from Mr. Reyes, but the envelope had already been opened.  Plaintiff complained to District Manager Steve about the incident.  District Manager Steve told Plaintiff that this was a mistake and ignored his concern.

**ANSWER:**    Defendant admits that at one time during Plaintiff's employment at H & M someone mistakenly opened Plaintiff's paycheck.  Defendant denies the remaining allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.    In 2007, Mr. Reyes approached Plaintiff and asked Plaintiff why he had certain items in his locker.  The only way Mr. Reyes could have known what was in Plaintiff's locker was if he had obtained keys to it and gone through it.  Plaintiff is unaware of any other employee's locker being searched in this manner, nor was Plaintiff given a reason for the invasion of his personal locker.

**ANSWER:**    Defendant admits that in or around 2007, it came to the attention of Mr. Reyes that Plaintiff had a large number of rivets in his locker that belonged to H & M. Defendant further admits that Mr. Reyes inquired with Plaintiff as to why he had this Company property in his locker.  Defendant denies the remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.    In July of 2007, Plaintiff approached Mr. Reyes and asked for work to do.  Mr. Reyes responded by telling Plaintiff that he was a "terrorist," pointing to the photograph of Osama Bin Laden.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.    From this point on Mr. Reyes locked all the trucks in the yard, purposefully preventing Plaintiff from repairing them.  Mr. Reyes did not give a reason any reason for the denial of work beyond calling Plaintiff a "terrorist."

**ANSWER:**    Defendant admits that it locks the chassis and other equipment in the yard

to prevent all mechanics from beginning repairs on the equipment before the Company obtains approval to conduct such repairs. Defendant denies the remaining allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.    Mr. Reyes continued to give work orders to similarly situated non-Muslim, non-Middle Eastern, non-Arab employees.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.    On October 16, 2007, Plaintiff was working on a chassis when he was approached by Mr. Reyes, who told him not to work on the chassis. Later that day, Paul, who is an independent party employed by the yard to oversee the Defendant's work, approached Plaintiff and told him that he should go back to working on the chassis since it was badly damaged. Plaintiff followed Paul's directions and returned to work on the chassis.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 36 and on that basis denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.    On October 17, 2007, Paul approached a co-worker of Plaintiff's named Amador who was working on a chassis. Paul told Amador he should not be working on that particular chassis but rather should work on the one that Plaintiff had worked on the day before. Plaintiff agreed with Paul.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 37 and on that basis denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.    Mr. Reyes approached Plaintiff and told him that he was terminated for agreeing with Paul. Plaintiff was not allowed to clean out his locker or gather his personal belongings. He was escorted out of the building by security.

**ANSWER:**    Defendant admits that Plaintiff was escorted out of the facility by security. Defendant denies the remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.    On information and belief, Mr. Reyes told District Manager Steve that Plaintiff had threatened to kill him, a completely false allegation. Mr. Reyes is much younger than

Plaintiff as well as much bigger. The reliance on Mr. Reyes' false allegation thus contributed to the pretextual basis for terminating Plaintiff's employment.

**ANSWER:** Defendant admits that Plaintiff was terminated for threatening to kill Mr. Reyes. Defendant also admits that Mr. Reyes is younger than Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. When Plaintiff's family went to retrieve his personal belongings from Defendant's facility, several of Plaintiff's tools were missing.

**ANSWER:** Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 40 and on that basis denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

## COUNT I
## TITLE VII- RELIGIOUS DISCRIMINATION
## HOSTILE WORK ENVIRONMENT

41. Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1 through 40 as though set forth herein.

42. Defendant's employees and management subjected Plaintiff to a hostile work environment based on his religion, Islam, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Despite Plaintiff's specific complaints to Defendant's management, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.    The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his religion, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 45 and on that basis denies the allegations set forth in Paragraph 45.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.    A written apology from the Defendant;

B.    Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.    All wages and benefits Plaintiff would have received but for the discrimination;

D.    Compensatory damages;

E.    Punitive damages;

F.    An award of costs, as provided by F.R.C.P. 54(d)(1);

G.    An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

H.    Such other relief as the Court deems equitable and just.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any relief in any form whatsoever.

## COUNT II
## TITLE VII - RELIGIOUS DISCRIMINATION
## DISPARATE TREATMENT

46.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:**    Defendant incorporates by reference its answers to Paragraphs 1 though 45 as though set forth herein.

47.   Defendant's management subjected Plaintiff to adverse actions based on his religion, Islam, including but not limited to, cutting his hours and thereby reducing his wages, barring Plaintiff from receiving credit for his work, paying Plaintiff lower wages than other similarly situated non-Muslim, employees, terminating Plaintiffs employment, and barring Plaintiff from retrieving his belongings from his locker after being fired.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's

Complaint.

48.   The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his religion, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's

Complaint.

49.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**   Defendant lacks sufficient information to admit or deny the allegations set

forth in Paragraph 49 and on that basis denies the allegations set forth in Paragraph 49.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Khaled Karim requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

A.   A written apology from the Defendant;

B.   Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.   All wages and benefits Plaintiff would have received but for the discrimination;

D.   Compensatory damages;

E.   Punitive damages;

F.   An award of costs, as provided by F.R.C.P. 54(d)(1);

G.   An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k) or 42 U.S.C. § 1988(b)-(c); and

H.   Such other relief as the Court deems equitable and just.

**ANSWER:**   Defendant denies that Plaintiff is entitled to any relief in any form

whatsoever.

## COUNT III
## TITLE VII - NATIONAL ORIGIN DISCRIMINATION
## HOSTILE WORK ENVIRONMENT

50.     Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:**     Defendant incorporates by reference its answers to Paragraphs 1 though 49 as though set forth herein.

51.     Defendant's employees and management subjected Plaintiff to a hostile work environment based on his national origin, Middle Eastern, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52.     Despite Plaintiffs specific complaints to Defendant's management, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53.     The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of his national origin, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 54 and on that basis denies the allegations set forth in Paragraph 54.

55.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**     Defendant lacks sufficient information to admit or deny the allegations set

forth in Paragraph 55 and on that basis denies the allegations set forth in Paragraph 55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

A.   A written apology from the Defendant;

B.   Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.   All wages and benefits he would have received but for the discrimination and retaliation;

D.   Compensatory damages;

E.   Punitive damages;

F.   An award of costs, as provided by F.R.C.P. 54(d)(1);

G.   An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.   Such other relief as the Court deems equitable and just.

**ANSWER:**   Defendant denies that Plaintiff is entitled to any relief in any form

whatsoever.

## COUNT IV
## TITLE VII - DISPARATE TREATMENT
## NATIONAL ORIGIN DISCRIMINATION

56.   Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:**   Defendant incorporates by reference its answers to Paragraphs 1 though 55

as though set forth herein.

57.   Defendant's management subjected Plaintiff to adverse actions based on his national origin, Middle Eastern, including but not limited to cutting his hours and thereby reducing his wages; barring Plaintiff from receiving credit for his work; paid less wages compared to other similarly situated, non-Middle Eastern, employees; terminating Plaintiff's employment; and barring Plaintiff from retrieving his belongings from his locker after being fired.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 57 of Plaintiff's

Complaint.

58.    The aforementioned acts of Defendant were willful, reckless, and malicious acts, of unlawful discrimination against Plaintiff, because of his national origin, Middle Eastern, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 59 and on that basis denies the allegations set forth in Paragraph 59.

## FOR PRAYER RELIEF

WHEREFORE, Plaintiff Khaled Karim requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following damages:

A.    A written apology from the Defendant;

B.    Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.    All wages and benefits Plaintiff would have received but for the discrimination;

D.    Compensatory damages;

E.    Punitive damages;

F.    An award of costs, as provided by F.R.C.P. 54(d)(1);

G.    An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k) or 42 U.S.C. § 1988(b)-(c); and

H.    Such other relief as the Court deems equitable and just.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any relief in any form whatsoever.

## COUNT V
## TITLE VII - RETALIATION

60.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:**    Defendant incorporates by reference its answers to Paragraphs 1 though 59 as though set forth herein.

61.     Plaintiff engaged in statutorily protected activity pursuant to Title VII by directly reporting the discrimination and harassment he endured by employees and management based on his religion and national origin.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant retaliated against Plaintiff by fostering hostile work conditions of employment and ultimately terminating his employment, as well as barring Plaintiff from retrieving his belongings from his locker after being fired.

**ANSWER:**    Defendant admits that it terminated Plaintiff's employment.  Defendant denies the remaining allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to religious and national origin discrimination, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 <u>et</u> <u>seq</u>.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 64 and on that basis denies the allegations set forth in Paragraph 64.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.     A written apology from the Defendant;

B.     Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.     All wages and benefits Plaintiff would have received but for the discrimination and retaliation;

D.     Compensatory damages;

E.     Punitive damages;

F.     An award of costs, as provided by F.R.C.P. 54(d)(1);

G.    An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k) or 42 U.S.C. § 1988(b)-(c); and

H.    Such other relief as the Court deems equitable and just.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any relief in any form

whatsoever.

## COUNT VI
## 42 U.S.C. & 1981 - RACE DISCRIMINATION
## HOSTILE WORK ENVIRONMENT

65.    Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:**    Defendant incorporates by reference its answers to Paragraphs 1 though 64

as though set forth herein.

66.    Defendant's employees and management subjected Plaintiff to a hostile work environment based on his race, Arab, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

**ANSWER:**    Defendant denies the allegations set forth in this Paragraph 66 of

Plaintiff's Complaint.

66.[sic]  Despite Plaintiff's specific complaints to Defendant's management, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

**ANSWER:**    Defendant denies the allegations set forth in this Paragraph 66 of

Plaintiff's Complaint.

67.    The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, Arab, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 67 of Plaintiff's

Complaint.

68.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:** Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 68 and on that basis denies the allegations set forth in Paragraph 68.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.  A written apology from the Defendant;

B.  Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.  All wages and benefits Plaintiff would have received but for the discrimination;

D.  Compensatory damages;

E.  Punitive damages;

F.  An award of costs, as provided by F.R.C.P. 54(d)(1);

G.  An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.  Such other relief as the Court deems equitable and just.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief in any form whatsoever.

## COUNT VII
## 42 U.S.C. 1981 - RACE DISCRIMINATION
## DISPARATE TREATMENT

69.  Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1 though 69 as though set forth herein.

70.  Defendant's management subjected Plaintiff to adverse actions based on his race, Arab, including but not limited to: cutting his workload and thereby reduced his wages; barring Plaintiff from receiving credit for his work; being paid less wages compared to other similarly situated, non-Arab, employees; terminating Plaintiff's employment; and barring Plaintiff from retrieving his belongings from his locker after being fired.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 70 of Plaintiff's Complaint.

71.    The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, Arab, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 71 of Plaintiff's

Complaint.

72.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations set

forth in this Paragraph 72 and on that basis denies the allegations set forth in this Paragraph 72.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.    A written apology from the Defendant;

B.    Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.    All wages and benefits he would have received but for the discrimination;

D.    Compensatory damages;

E.    Punitive damages;

F.    An award of costs, as provided by F.R.C.P. 54(d)(1);

G.    An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.    Such other relief as the Court deems equitable and just.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any relief in any form

whatsoever.

## COUNT VIII
## 42 U.S.C. 4 1981 -- RETALIATION

72.[sic]  Plaintiff reasserts and realleges paragraphs one (1) through forty (40) as set forth fully herein.

**ANSWER:**    Defendant incorporates by reference its answers to Paragraphs 1 though 72

-19-

as though set forth herein.

73.    Plaintiff engaged in statutorily protected activity pursuant to 42 U.S.C. § 1981 by directly reporting the discrimination and harassment he endured by employees and management based on his race.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 73 of Plaintiff's

Complaint.

74.    Defendant retaliated against Plaintiff by fostering hostile work conditions of employment and ultimately terminating his employment, as well as barring Plaintiff from retrieving his belongings from his locker after being fired.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 74 of Plaintiff's

Complaint.

75.    The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, in violation of the provisions of 42 U.S.C. § 1981.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 75 of Plaintiff's

Complaint.

76.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations set

forth in Paragraph 76 and on that basis denies the allegations set forth in Paragraph 76.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHALED KARIM, requests that this Honorable Court enter judgment in his favor and against Defendant H & M, and enter an Order awarding the following relief:

A.    A written apology from the Defendant;

B.    Removal of all disciplinary warnings and reprimands issued by the Defendant;

C.    All wages and benefits Plaintiff would have received but for the discrimination and retaliation;

D.    Compensatory damages;

E.    Punitive damages;

F.      An award of costs, as provided by F.R.C.P. 54(d)(1);

G.      An award of reasonable attorneys fees, as provided by 42 U.S.C. § 1988(b)-(c); and

H.      Such other relief as the Court deems equitable and just.

**ANSWER:**   Defendant denies that Plaintiff is entitled to any relief in any form whatsoever.

## JURY TRIAL DEMAND

77.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:**   Defendant admits that Plaintiff purports to request a jury trial in this matter.   Defendant denies the remaining allegations set forth in Paragraph 77 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff cannot state a claim upon which relief may be granted with respect to each and every cause of action set forth in his Complaint, it must be dismissed with prejudice.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that he has failed to bring the present action within the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination and retaliation should be dismissed because Defendant's actions toward Plaintiff were, at all times, based upon legitimate and lawful reasons.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that he has failed to pursue and/or

exhaust all applicable administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to timely perfect a charge of discrimination, his Complaint must be dismissed with prejudice.

## SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations for the filing of an administrative charge of discrimination with the EEOC or a state deferral agency; or (b) for alleged incidents of discrimination not listed in his charge; or (c) against parties not named in any administrative charge, Plaintiff may not recover any relief for such incidents of alleged discrimination or against unnamed parties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior alleged by Plaintiff, and/or Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because, to the extent that Plaintiff did take appropriate action, Defendant fulfilled its obligations to prevent and correct any wrongdoing.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrines of estoppel and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she has failed to mitigate her damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual, punitive, or liquated damages, and hence can only recover nominal damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are limited by the damages cap imposed by the Civil Rights Act of 1991.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's good faith efforts to prevent discrimination bars an award of punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

An excessive punitive damages award would violate Defendant's rights under the United States Constitution, including rights secured under the due process, equal protection and takings clauses. In addition, an award of punitive damages premised upon net worth data has the effect of treating classes of citizens unequally in violation of Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the doctrine of after-acquired evidence and as such, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant cannot be held vicariously liable for alleged discrimination or retaliation or other actions which are contrary to H&M's express policies, procedures and good faith efforts to comply with applicable laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable for any alleged misconduct, discrimination or retaliation by an employee where such misconduct occurred outside the scope of his or her employment.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of this case. Defendant will rely upon each and every defense that may become known during the course of this litigation, including discovery, trial, or otherwise.

**WHEREFORE**, Defendant H & M International Transportation, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submits that the entire Complaint should be dismissed in its entirely on the merits and with prejudice, and that H & M be awarded its costs incurred in defending this lawsuit, including its reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems proper.

Respectfully submitted,

H&M INTERNATIONAL TRANSPORTATION,
INC.

By:/s/Paul J. Krause
                  One of Its Attorneys

Dana S. Connell (#06183652)
Paul J. Krause (#6283298)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: August 21, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2008, I electronically filed the foregoing document with the Clerk of the United States District Court, Northern District of Illinois, using the ECF system which will send notification of such filing to the following ECF Participants:

Patricia Ann Kemling
patricia.kemling@gmail.com

Kevin R. Vodak
attorney@cairchicago.org


                                   /s/Paul J. Krause
                                   Paul J. Krause